ARLENE C. ELMORE v. CHARLES T. ELMORE

No. 6918SC22

(Filed 2 April 1969)

**1. Appeal and Error §§ 16, 36— service of case on appeal — extension of time**

Where the trial judge has fixed the time for serving the case on appeal, he has no authority to enter a subsequent order enlarging the time for serving the case on appeal, the appeal having been removed to the Court of Appeals.

**2. Appeal and Error § 36— belated service of case on appeal — scope of review**

Where the case on appeal was not served within the time fixed by statute or by valid enlargement, the appellate court will review only the record proper and determine whether error appears on the face of the record.

**3. Divorce and Alimony §§ 19, 21, 24; Infants § 3— enforcement and modification of consent judgment**

Where the court not only approves a consent judgment relating to the custody of minor children and support for the wife and children, but orders that the terms of the consent agreement be performed by the parties, the consent judgment is enforceable by contempt proceedings and may be modified upon a showing of changed circumstances.

**4. Divorce and Alimony §§ 19, 24; Infants § 9— modification of custody or support order — alleging change of circumstances**

While a change in circumstances must be shown in order to modify an order relating to custody, support or alimony, G.S. 50-13.7, G.S. 50-16.9, it is not required that the change of circumstances be alleged, either specifically or in general terms, in the motion in the cause for modification of the court's order.

**5. Divorce and Alimony § 24;   Infants § 9—   modification of custody decree**

An order of court modifying a decree of custody must be supported by a finding of changed circumstances affecting the welfare of the child.

**6. Divorce and Alimony § 24;   Infants § 9—   order modifying consent judgment awarding custody — changed circumstances**

Trial court's order concluding that sufficient change of circumstances has been shown to permit modification of a consent judgment, which awarded custody of a child to the mother, and granting custody to the father *is held* supported by findings that the sixteen year old child is unhappy in her mother's home and desires to reside with her father, and that the father has remarried and has established a stable home and marriage.

**7. Divorce and Alimony § 24;   Infants § 9—   determination of custody — wishes of the child**

The wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between parents.

APPEAL by plaintiff from *Exum, J.,* in chambers at GREENSBORO, 3 June 1968 and 4 September 1968.

This action was instituted by plaintiff wife on 13 October 1958 asking for divorce from bed and board, exclusive custody of the three minor children, temporary and permanent support for herself and the children, and counsel fees.

On 14 June 1960, a consent judgment was entered by Gwyn, J. The court found that the plaintiff was a proper person to have the care and training of the children, that it was in the best interest of the children that they remain in her custody and control, and that $75.00 per week was a reasonable amount for the defendant to provide for the support of plaintiff and the three children. The judgment stated: "* * * [B]oth parties have agreed and consented to be bound by the terms of this judgment, waiving any trial by jury or further findings of fact by the Court; IT IS NOW, THEREFORE, BY CONSENT, ORDERED, ADJUDGED AND DECREED that: * * *." The judgment then provided, among other things, that the plaintiff have custody of the children, visitation rights for the father, that the defendant pay $75.00 per week for the support of the plaintiff and the children, and that the defendant pay all medical and hospital bills of the plaintiff and the children.

On 7 August 1967, the defendant husband filed a motion in the cause, asking that he and his present wife be granted custody of Linda Revell Elmore (Linda), eldest of his children by the plaintiff, that inquiry be made into the care and custody of Charles

Thomas Elmore and Susan Arlene Elmore, the remaining two children, that the support payments under the consent judgment be reduced or eliminated because of changed circumstances, that the order of support payments be construed as being for child support and not alimony, or that the sum be apportioned between support for the children and alimony, and that the provision relating to medical bills be construed as not including unreasonable drug and psychiatric bills incurred by the plaintiff.

Plaintiff demurred to this motion 25 September 1967, contending that the consent judgment was in the nature of a contract, which could be altered only in an independent action for mutual mistake. She further contended that defendant must allege a change in circumstances in order to justify a change in custody and that the defendant had failed to do so. On the same date, plaintiff answered defendant's motion in the cause, denying defendant's contentions and pleading numerous defenses.

On 9 October 1967, the demurrer was overruled by Judge Exum, and on 3 June 1968, following hearing in which oral testimony and affidavits were introduced, the judgment from which plaintiff appeals was entered. After making detailed findings of fact, the judgment provided that defendant have custody of Linda, that the visitation rights of the defendant to the other children be expanded, that support payments be limited to $60.00 per week, that this amount be construed to be for support of the children only, that the responsibility of defendant for medical bills be eliminated, and that liability for drug and medical services in the past be construed as limited to payment of bills incurred for services, treatment or medication actually prescribed or ordered by a licensed physician.

Plaintiff gave notice of appeal and was allowed fifty days to prepare and serve the case on appeal, defendant to have twenty days thereafter to serve his countercase or exceptions. On 23 July 1968, the court, in its discretion and ex parte, allowed an extension of ten days to serve the case on appeal, including 1 August 1968.

The case on appeal was served on defendant on 1 August 1968. At that time, defendant excepted to the order of Judge Exum extending the time for service of the case on appeal. On 20 August 1968, defendant filed a motion to dismiss the appeal for failure to serve the case on appeal within the required time. Notice of the motion was duly given to the opposing party. On 4 September 1968, Judge Exum ordered the appeal dismissed under the provisions of G.S. 1-287.1. From this order, plaintiff appeals.

*Comer & Harrelson by Wallace C. Harrelson for plaintiff appellant.*

*David M. Clark for defendant appellee.*

BRITT, J.

The first question raised by this appeal is whether the original appeal was properly dismissed.

**[1, 2]**  Procedurally, this appeal is governed by *Roberts v. Stewart and Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58. That case clearly states that an order enlarging the time to serve the case on appeal, made subsequent to the order at the time of appeal, is entered without authority, the appeal having been removed to the Court of Appeals at that point. As in the *Roberts* case, this appeal is limited to a consideration of the record proper and a determination as to whether error appears on the face of the record.

It should be noted that this problem will be alleviated in the future by the newly enacted Rule 50 of the Court of Appeals, effective 18 February 1969, which provides:

> "If it appears that the case on appeal cannot be served within the time provided by statute, rule, or order, the trial judge (or the Chairman of the Industrial Commission or the Chairman of the Utilities Commission as the case may be) may, for good cause and after reasonable notice to the opposing party or counsel, enter an order or successive orders extending the time for service of the case on appeal and countercase or exceptions to the case on appeal, provided this does not alter the provisions of Rule 5 relating to the docketing of the record on appeal."

**[3]**  The record presents the question whether the trial court had the power to modify the consent judgment entered 13 June 1960. We think the court possessed that power. The terms worked out by the parties were incorporated in the judgment, and the court not only approved the terms but *ordered* them performed. This made the agreement a judgment of the court, subject to enforcement by contempt proceedings or to modification upon a showing of changed circumstances. *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71; *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218; *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; 2 Lee, N.C. Family Law, § 152, p. 222 (Supplement).

**[4]**  The next question presented by the record is whether plaintiff's demurrer to the motion in the cause should have been sustained

for failure to allege, in the motion, a change in circumstances as the basis for modification of the consent judgment.

In his motion, in the matter of custody, the defendant prayed that he and his present wife be granted absolute custody and control of Linda and, as to the other two children, that the court inquire into their custody and control. In the matter of support, the defendant prayed "[t]hat by reason of changed circumstances the order entered * * * be adjusted downward, eliminated, or substantially eliminated."

It is well established that a change in circumstances must be shown in order to modify an order relating to custody, support or alimony. G.S. 50-13.7; G.S. 50-16.9; *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 102 S.E. 2d 469; *Rayfield v. Rayfield*, 242 N.C. 691, 89 S.E. 2d 399; *Barber v. Barber*, 216 N.C. 232, 4 S.E. 2d 447; 2 Lee, N.C. Family Law, § 153, pp. 227, 228. However, we find no authority requiring that the change of circumstances be alleged, either specifically or in general terms, in the motion in the cause. While this would appear to be the better procedure, to require it is not necessarily desirable, at least where the party opposing the motion does not contend that he has been surprised or prejudiced and has not requested that the motion be made more definite. The findings of fact adequately support the conclusion of a change in circumstances. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77.

[5-7] · Plaintiff appellant contends that the trial court erred in modifying the consent judgment pertaining to the custody of Linda without a finding of fact of any change of circumstances affecting the welfare of the child. In support of this contention, plaintiff cites *Shepherd v. Shepherd*, 273 N.C. 71, 159 S.E. 2d 357, which holds that there must be a finding of changed circumstances affecting the child in order to alter custody of the child. A careful review of Judge Exum's judgment leads us to conclude that the requirements set forth in *Shepherd* were complied with. Judge Exum found that in response to a letter from Linda stating her general unhappiness, defendant brought Linda to live in his home during the summer to see how well she would adjust, and found that she was happy in her father's home and wished to remain there. He further found that after plaintiff and defendant were divorced, defendant married Miss Mary Jo Whitted with whom he established a stable home and marriage in Greensboro; that defendant's present wife is employed by the Guilford County Welfare Department as a caseworker in adoptions and prior to that employment was engaged in Christian education work. Furthermore, Judge Exum could also take into con-

sideration the change in Linda's age between 1960 and 1968, from eight to sixteen, and her expressed desire to reside with her father; in *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759, the court said: "The wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between parents, but is not controlling." Although the findings do not expressly state that they affect the welfare of the child, certainly it can be inferred that they relate to the welfare of the child, and we think they were sufficient to support the trial judge's conclusion that sufficient change in circumstances had been shown to permit the court to modify the consent judgment.

After this case was docketed in this court, three motions were filed by the defendant. He moved under Rule 20(c) to be allowed to amend his motion in the cause; for the reasons above-stated the amendment is not necessary, therefore, the motion is denied. Defendant also moved in this court that plaintiff's appeal be dismissed or, in the alternative, that the judgment below be affirmed. The motion to dismiss the appeal is overruled. Defendant appellee also moved under Rules 19(h) and 26 that certain costs be taxed against plaintiff appellant; in view of our disposition of this case, it is unnecessary to rule on this motion.

We have considered all motions filed in this court and have considered the record proper to determine if error appears upon its face. We find that no prejudicial error appears, therefore, the 3 June 1968 judgment of Judge Exum is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.