IN THE MATTER OF THE CUSTODY OF MARC DAVID KING, INFANT

No. 713DC153

(Filed 26 May 1971)

**Divorce and Alimony § 24— modification of custody order — change of circumstances**

> Where custody of a child was originally awarded to the father because of the uncertainty of the mother's employment and future residence, the court's modification of its original order to award temporary custody to the mother on the ground of changed circumstances was justified by findings that the mother has since established permanent residence in another state where she is a college instructor, that she has established a good reputation in the community, that she participates in local church and community activities and is well thought of by her neighbors and teaching colleagues, and that she has arranged for a reputable day care nursery to care for her child while she teaches.

APPEAL by David Wesley King, from *Roberts, District Judge,* 5 October 1970 Session of District Court held in PITT County.

This is an appeal by the father of a minor child from an order of the District Judge, entered upon motion of the mother, in a pending custody proceeding, changing a previous custody order and awarding temporary custody of the child to the mother subject to visitation rights granted the father.

*Frank M. Wooten, Jr., and William E. Grantmyre for appellant.*

*Everett & Cheatham, by James T. Cheatham for appellee.*

In re Custody of King

PARKER, Judge.

The child was born on 24 January 1967. The parents of the child separated in February 1968 and were subsequently divorced. In a previous order, dated 22 July 1969, the District Judge found that the child had been in the custody of the father since February 1968; that both parents were fit and suitable persons to have custody and control of their child; but that due to the uncertainty of the employment and future residence of the mother it would be in the best interest of the child that he remain in the custody of the father pending further orders of the court. In the order appealed from, which was dated 9 October 1970, the District Judge again found both parents to be fit and proper persons to have custody of their child. However, in addition the court found that since July 1969, when the previous order was entered, the mother had "established her permanent residence at Greenville, Pennsylvania, where she teaches in the Foreign Language Department of Thiel College and earns approximately $8,000 per year; that she is presently in her second full year of teaching and that she has established a good reputation in the community; that she participates in local church and college activities and is well thought of by her neighbors and teaching colleagues; that she has arranged for a reputable day care nursery to care for her child while she teaches and that she desires very much for her son to live with her in Greenville, Pennsylvania; that by reason of this change of circumstances and the tender age of said child, the welfare of the child, Marc David King, age 3-1/2, would best be served by placing him in the temporary custody of his mother, Mirta Germone, until June 1, 1971 at which time the court will hear further evidence and enter further orders concerning the custody of said child. . . . "

Appellant contends these findings do not show a sufficient change of circumstances to justify the court in modifying its prior custody order, citing *In re Poole,* 8 N.C. App. 25, 173 S.E. 2d 545. We do not agree. While in both orders the court found both parents fit and proper persons to have custody of their child, the mother's situation had markedly changed by the time the second order was entered. These changes had placed her in better position to care for her child under favorable circumstances, and we find no abuse of the court's discretion in modifying its previous order. We note that the order ap-

pealed from grants custody to the mother only until 1 June 1971, at which time she is directed to return the child before the court for its further orders. At that time the court will be able to review the situation in the light of existing circumstances and make such further orders as the welfare of the child may require.

Appellant has excepted to certain of the court's findings of fact as not being supported by the evidence. We have carefully reviewed these exceptions and find that all material findings of fact required to justify the court's order were supported by competent evidence. Appellant's exception to the admission of the testimony of the witness Stary was not based on any timely objection or motion to strike. We have examined all remaining exceptions and find no prejudicial error.

The order appealed from is

Affirmed.

Chief Judge MALLARD and Judge VAUGHN concur.