RICHARD LUCIAN CHARETT v. DONNA H. CHARETT

No. 784DC1008

(Filed 3 July 1979)

1. **Divorce and Alimony § 25.9— child custody—changed circumstances—modification not required**

    Where the changes in circumstances are such as to warrant but not compel a change in a child custody award, the decision of the trial judge to modify or not to modify that award will not be disturbed on appeal.

2. **Divorce and Alimony § 25.12— child custody—motion for modification—visitation privileges—cost of transporting child**

    The issue of visitation was before the court upon plaintiff's motion for modification of a child custody award on the basis of changed circumstances, and the trial court did not abuse its discretion in requiring the parties to split the expense of the child's transportation for visitation purposes.

APPEALS by plaintiff and defendant from *Henderson, Judge.* Order entered 17 August 1978 in District Court, ONSLOW County. Heard in the Court of Appeals 25 June 1979.

This is an appeal from an order denying plaintiff-father's motion for modification of a custody order on the grounds of changed circumstances but granting plaintiff extensive specific visitation rights. The parties were divorced by judgment dated 7 November 1975. The judgment of divorce awarded custody of the parties' only child, DeAnna Lynn Charett, born 24 September 1970, to the defendant-mother "subject to reasonable visitation privileges by the plaintiff so as not to interfere with the health, education and welfare of said child." Plaintiff was ordered to pay $175.00 per month for support of the child.

On 9 January 1978 plaintiff filed a motion in the cause for a modification of the custody award made in the 7 November 1975 divorce judgment on the grounds of changed circumstances. Plaintiff in his motion alleged:

a) since the entry of the aforesaid order, the Plaintiff has remarried; that the Plaintiff's wife is not employed, and has the time and ability to assist the Plaintiff in the raising of the minor child.

b) that the Plaintiff is a First Class Petty Officer with the United States Navy and is fully capable of providing for said minor child.

c) that the Plaintiff now has the home in which said minor child would have her own room; said home is located in a nice neighborhood and located across the street from an elementary school.

d) that said minor child has expressed a desire to reside with her father, the Plaintiff herein.

Plaintiff further alleged:

a) that since the entry of the aforesaid order, the Defendant has remarried and divorced.

b) that the Defendant is in the United States Army stationed in Augusta, Georgia, and is unable to care for the child.

c) that the Plaintiff is informed and believes and therefore alleges on information and belief that the Defendant does not have the physical facilities with which to have the child with her at present.

d) that the minor child has in fact been residing with the Defendant's parents for the past several months.

e) that since the entry of the aforesaid order, the minor child has been moved back and forth between the Defendant's duty station and the grandparents home in Mobile, Alabama.

On these allegations plaintiff prayed that the 7 November 1975 custody award be modified so that he be awarded custody of the child and be relieved of the obligation to make further payments to defendant for support of the child.

At a hearing on 2 June 1978 plaintiff presented evidence to support his allegations. The court entered judgment on 17 August 1978 finding as facts and concluding:

4. That since the date of the aforesaid Order, the plaintiff has remarried and now has a three bedroom home.

5. That since the date of the aforesaid Order defendant has remarried and divorced and presently resides in Augusta, Georgia.

6. That since the date of the aforesaid Order defendant has entered the United States Army and is stationed at Fort Gordon, Georgia.

7. That since the date of the aforesaid Order plaintiff has made support payments of $175.00 per month to the defendant for the support and maintenance of said minor child and said payments are current.

8. That from July, 1977 until the present date the minor child has resided with her maternal grandparents, Mr. and Mrs. Archie Hooper, in Mobile, Alabama.

9. That counsel for the parties stipulated and agreed that the undersigned Judge could talk with the minor child alone in chambers, and the undersigned did so on March 24, 1978.

10. That pursuant to the aforesaid conversation with said minor child the undersigned found that the minor child, age 7, is an intelligent young girl, who is aware of the circumstances of this case. Said child indicated to this Court that she loves both her mother and father and expressed no preference. Said child did express a desire to have visitation with her father.

Based upon the foregoing findings of fact the Court concludes as a matter of law that the plaintiff has failed to show that there has been a substantial and material change in circumstances since the Court's Order of November 7, 1975.

The court ordered, based on its findings and conclusions, that custody of the minor child remain with defendant "as per the Court Order of November 7, 1975" and granted plaintiff the following rights of visitation:

a. The natural father, Richard Lucian Charett, shall have custody of the minor child during the summer months beginning one week after school ends and continuing until one week next preceding the beginning of school in the fall.

b. That the natural father, Richard Lucian Charett, shall have custody of the minor child for one full week during the Christmas holidays which shall begin on Christmas day beginning 1978, and the next ensuing Christmas the week which ends Christmas day, and all future Christmas week vacations shall alternate in that order.

The court also ordered that plaintiff and defendant split the cost of transporting the child for visitation purposes and that plaintiff continue to pay $175.00 per month child support except during the summer months when he is entitled to custody of the child.

From this judgment, both plaintiff and defendant appeal.

*Ellis, Hooper, Warlick, Waters & Morgan by Lana Lee Starnes for the plaintiff.*

*Gene B. Gurganus for the defendant.*

PARKER, Judge.

PLAINTIFF'S APPEAL

Plaintiff assigns error to the trial court's conclusion that "the plaintiff has failed to show that there has been a substantial and material change in circumstances since the court's order of 7 November 1975." The plaintiff contends that the facts found by the court compel a contrary conclusion. We do not agree.

[1] It is true that the specific facts found by the trial court in this case show some changes in the circumstances of the parties since entry of the prior custody award. The changes shown may even be sufficient to warrant a change in the custody order previously entered. *See In re Custody of King*, 11 N.C. App. 418, 181 S.E. 2d 221 (1971); *Elmore v. Elmore*, 4 N.C. App. 192, 166 S.E. 2d 506 (1969). In our opinion, however, the changes shown do not compel that conclusion. Where, as here, the changes in circumstances are such as to warrant but not compel a change in the custody award, the decision of the trial judge to modify or not to modify that award will not be disturbed on appeal. "The trial judge, who has the opportunity to see and hear the parties and the witnesses, is vested with broad discretion in cases involving custody of children." *Blackley v. Blackley*, 285 N.C. 358, 362, 204

Charett v. Charett

S.E. 2d 678, 681 (1974). The trial court's position in this regard is far superior to that of the appellate court which must base its decisions upon a cold record. The trial court's decision in this case, which in effect did give plaintiff custody of the child during specified periods of the year, was within the court's discretion and no abuse of that discretion has been shown. Plaintiff's assignment of error is overruled.

### DEFENDANT'S APPEAL

[2] The defendant's primary contention in her appeal is that the trial court erred in modifying plaintiff's visitation rights upon a motion for change in custody. This assignment of error has no merit. Custody and visitation are two facets of the same issue. The issue of visitation was before the court upon plaintiff's motion for modification of the custody award on the basis of changed circumstances. This assignment of error is overruled.

Defendant also assigns error to the trial court's order compelling her to split the expense of the child's transportation for visitation purposes. We find that the order was within the trial court's discretion and did not constitute an abuse of discretion.

We have carefully considered all of defendant's remaining assignments of error and find no prejudicial error.

Neither party in this case is entirely satisfied with the order of the trial court. This is almost always true in a contested child custody matter. The courts, seeking always to advance the best interests of the child, can only make the best of a situation which is already sad and unpleasant for all concerned. This, the trial court has done in the present case. The order appealed from is

Affirmed.

Judges ERWIN and MARTIN (Harry C.) concur.