437 So.2d 1010 (1983)
Paul GREENLEE
v.
STATE of Mississippi.
No. 54456.
Supreme Court of Mississippi.
September 21, 1983.
*1011 J. Daniel Smith, Reeves, Smith, Jones & Price, John P. Price, McComb, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
BOWLING, Justice, for the Court:
Appellant Paul Greenlee was indicted, tried and convicted in the Circuit Court of Pike County of the crime of sodomy. He was sentenced to serve a term of ten years with the Mississippi Department of Corrections. On this appeal he presents the following assignments of error:
I. THE TRIAL COURT ERRED IN ALLOWING TESTIMONY BEFORE THE JURY CONCERNING PICTURES ALLEGEDLY INVOLVING PERSONS AND ACTS OTHER THAN THOSE CONCERNING THE INDICTMENT AGAINST THE DEFENDANT.
II. THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE EXAMINATION OF THE DEFENDANT BY A COMPETENT PSYCHIATRIST.
III. THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE DEFENDANT A CONTINUANCE FOR THE PURPOSE OF OBTAINING ANOTHER ATTORNEY.
IV. THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE ADMISSIBLE EVIDENCE AND THE TRIAL COURT SHOULD HAVE GRANTED THE DEFENDANT'S MOTION FOR A NEW TRIAL.
The undisputed evidence, as shown in this record, reveals an occurrence that would sicken and nauseate any normal person. Appellant, a 66-year-old man, lived alone in a subdivision. There were many small children in the area. Appellant was well-liked, especially by the children. He would buy them gifts such as lollipops and bubble gum. The parents in the area knew that on occasions the children would be in appellant's home.
Shortly before the indictment in the present case, a male neighbor of appellant was invited in the appellant's home and while there observed some lewd pictures lying on a table. These shocked the neighbor, as they revealed photographs of extremely unnatural sexual behavior between a grown man and children four and five years of age. Without the knowledge of appellant, the neighbor slipped four of these pictures into his pocket. Afterwards, the neighbor showed the photographs to parents in the area who had small children. One set of near-by parents quickly recognized one of the small children as theirs. It is hard to describe what is shown in the photograph. Obviously, a flash picture was made while a man was lying on a bed and the small child performing an unnatural act with the man's private genital organ. The picture obviously was made with a flash camera on the chest of the man looking down on the child. The photograph also showed certain items of furniture in the background.
Testimony was received from the child's father and other neighbors. Young neighbors, but in their late teens, testified that on occasions they were invited into appellant's home when he was intoxicated and while there were shown a "shoe box full" of pictures similar to the one described above. Testimony was received that appellant kept *1012 a Polaroid camera on a shelf in his kitchen. The photographs were made by a Polaroid camera.
Under the first assignment of error, the testimony regarding seeing other pictures shown to them by appellant and appellant telling them that he was involved in the pictures was permissible for the purpose of identifying appellant as the man involved in the present indictment. There was no error in such admission.
After appellant's arrest and the appointment of an attorney to represent him as an indigent, the circuit judge, on May 4, 1982, ordered that appellant be carried to the Southwest Mississippi Mental Health Facilities and have a mental examination. The record reveals a two-page, single-spaced, typed report from that institution signed by the clinical psychologist who had examined the appellant. He had conducted detailed examinations of appellant and related the history received regarding appellant, and in particular, his heavy alcohol drinking for the past twenty years. He even described appellant's fondness for small children. The report concluded that appellant was mentally competent to stand trial; that at the time of the incident which he was being charged as committing, he knew the difference between right and wrong and was able to comprehend the nature of his act; that he was able to recall the evidence connected with the offense and was able to advise with his counsel in a rational manner and to testify at a trial if called upon to do so. The report also stated that appellant was able to resist committing the acts with which he was charged. The report concluded by stating that there would be no reason for arranging further mental examination of appellant.
Appellant's trial was set for October 19, 1982. On October 11, 1982, appellant's attorney filed a motion for mental examination by a psychiatrist at the Mississippi State Hospital at Whitfield. This motion was overruled by the court, who explained the facts regarding the first examination related above and his personal observation of the appellant in the courtroom. The court used its discretion and held that there was no need for further mental examination. The motion for mental examination does not recite whether it was based on statutory or court rule grounds. If under statutory rule [MCA § 99-13-11 (1972)] the statute clearly gives the trial judge a discretion as to whether or not to order even the first mental examination. In the event the motion was based on Rule 4.08 of the Mississippi Uniform Criminal Rules of Circuit Court Practice, this rule provides that a court has the discretion to decide whether or not there is "reasonable ground" to believe the defendant insane.
In our opinion the court fulfilled its duty by having appellant examined shortly after his arrest and the results of that examination fully justified the lower court in refusing another mental examination.
On the day of the trial and after much testimony had been received on a motion to suppress, appellant's attorney moved for a continuance to allow appellant to secure another attorney. Even though this same attorney was originally appointed by the court due to the appellant's indigence, it was discovered that some funds were available to appellant. It was agreed by the appellant and the attorney that the latter would receive a fee from these funds. The court overruled the motion for continuance and the same attorney conducted appellant's defense during the trial and has handled this appeal in its entirety. We find no error in the court refusing the motion for continuance.
There is no merit whatsoever in the assignment that the verdict of the jury was contrary to the overwhelming weight of the evidence. In our opinion, no jury would have found other than a verdict of guilty.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.