538 So.2d 765 (1989)
Becky K. MARTIN, Appellant,
v.
Robert Leroy MARTIN, Appellee.
No. 58245.
Supreme Court of Mississippi.
February 1, 1989.
Paul D. Perry, Overstreet & Kuykendall, Jackson, for appellant.
Percy S. Stanfield, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
In August, 1977, Becky K. Martin was awarded a divorce from Robert Leroy Martin with custody of the parties' minor child Robert Leroy Martin, Jr., being awarded to Mrs. Martin. The Chancery Court ordered Mr. Martin to pay child support and to pay "all medical expenses incurred for and on behalf of said minor child in excess of the sum of $100.00 accruing in any one calendar year." Several years later, the minor Robert Leroy Martin, Jr., developed an addiction to drugs and alcohol. In April, 1986, Mrs. Martin, a resident of Tennessee, placed the minor Robert Leroy Martin, Jr., in the Methodist Outreach, Inc., located in Memphis, Tennessee, for treatment. The minor was institutionalized from April 12-18, 1986, and April 24-May 9, 1986, and was treated under the auspices of the facility from May 9, 1986, until July 1, 1986. The total cost of the treatment during the calendar year was Fifteen Thousand Four Hundred Twenty Dollars ($15,420.00). Robert Leroy Martin through a hospital insurance policy paid Eleven Thousand Dollars ($11,000.00) of the total cost of treatment; Ten Thousand Dollars ($10,000.00) for in-patient treatment and One Thousand Dollars ($1,000.00) for out-patient treatment of the minor child, said payments leaving a balance due of Four Thousand Four Hundred Twenty Dollars ($4,420.00). Mr. Martin's insurance company had paid the full amount of its policy on both in-patient and out-patient coverage and had no further liability under the terms of the insurance policy. After such payment there remained a balance due of Four Thousand Four Hundred Twenty Dollars ($4,420.00). Robert Leroy Martin refused to pay the balance due on the account incurred by the minor at the Methodist Outreach, Inc., said refusal creating the issue for this Court.
There is little developed record in the lower court; however, it is possible to glean enough from the record to decide the issue. Indeed the chancellor in the trial court suggested that the matter be appealed to this Court and in effect invited this Court to settle the issues raised. It is timely that this Court should do so.
The fact that the minor child needed and received the treatment is not at issue. There was continuous treatment from April 12, 1986, until July 1, 1986, which included without dispute charges for detoxification services, for room and bed in a semi-private room, for laboratory services, for psychological and therapeutic services and for *766 medical general services. Further, there were periodic urinalyses and chemistry examinations, some psychiatric treatment and development and review of medical histories. It might be noted that there was or appears in the record to be no objection by Mr. Martin concerning the treatment of the minor, but there does appear an undated letter wherein the appellee cites the insurance coverage and suggests that free treatment be sought when the insurance policy has paid its total liability. Mr. Martin does suggest to the mother that she check to find the free centers for treatment.
There was continuous treatment from hospitalization through out-patient treatment to release of the minor child by the before-mentioned Methodist Outreach, Inc., a facility or institution which without contradiction the record shows to be a hospital and residential treatment facility accredited by the Joint Commission for the Accreditation of Hospitals.
The issue before this Court is whether or not psychological expenses incurred in the treatment of the minor child are to be included as medical expenses for which the father is obligated to pay under the Hinds County Chancery Court Decree. We find that the treatment was in a hospital setting and was conducted by or under the supervision of an accredited hospital institution and is a normal extension of necessary medical expenses as envisioned by the Hinds County Chancery Court in its 1977 Decree to protect the health and welfare of the minor child. Such a ruling is consistent with the past development of this area of the law by this Court. It is consistent with findings in prior cases of like import and with the language of Mississippi Rule of Evidence 503(a), styled "Physician and Psychotherapist-Patient Privilege," which includes as privileged the communications of a client to his psychologist. Further, it is consistent with a usual interpretation of language peculiar to the health industry and with the needs of today's society.
In a 1988 case, State Farm Mut. Auto. Ins. Co. v. Gregg, 526 So.2d 554 (Miss. 1988), this Court ruled that chiropractic expenses were medical expenses and as such should be covered by the accident victim's insurance company. In so doing the Court stated:
While a chiropractor does not and indeed cannot practice medicine, and, therefore, may not provide "medical" care in the narrowest sense, a chiropractor in the broadest sense does provide what generally can be considered "medical" care by attempting to cure or prevent disease through proper alignment of the spine. The point may be made differently. A paramedic is not licensed to practice medicine. Paramedic services are not specifically enumerated as covered expenses in Mrs. Gregg's policy. Few could argue, however, that the healing services rendered by a paramedic at the scene of an accident are not in some sense "medical" services.
Id. at 557-558.
Earlier this Court in Smith v. Smith, 405 So.2d 896 (Miss. 1981), found that where orthodontic treatment of a minor child was reasonably necessary, such treatment came within the term "medical expenses." The logical extension of this principle is to include the services rendered by a psychologist as medical expense, certainly in the very controlled and restricted sense as presented by the factual situation in this case, and as required in the treatment of drug and alcohol addiction or abuse. While there are no cases directly on point pertaining to this issue, this Court has previously discussed the practice of psychology. In Greenlee v. State, 437 So.2d 1010 (Miss. 1983), the defendant was examined by a clinical psychologist at a mental health facility and found to be mentally competent to stand trial. The defendant asked for a second examination because the first examination was performed by a clinical psychologist rather than a psychiatrist. The trial court denied the motion and this Court affirmed that decision. In a similar case, Glenn v. State, 439 So.2d 678 (Miss. 1983), this Court again held that the trial court which had a psychologist's report from the first examination, did not err in refusing to grant the defendant a second examination because the first had been performed by a psychologist rather than a psychiatrist.
*767 This Court held recently in Lanier v. State, 533 So.2d 473 (Miss. 1988), in dealing with a criminal defendant's competence to stand trial, that "it is noteworthy that it was the unanimous opinion of five medical professionals that Lanier was sane at the time of the charged offense and that he was competent to stand trial and assist in his defense." Lanier, 533 So.2d at 480. The diagnostic report filed with the trial court included the sentence, "The collected information was reviewed this morning in a formal staff conference and Mr. Lanier was examined by several staff members, including two psychiatrists, a neurologist, and two clinical psychologists." Lanier, 533 So.2d at 480 (Emphasis added). Since two clinical psychologists were included in the panel of five medical professionals which examined Lanier, it follows that this Court has considered treatment by a psychologist to be treatment by a medical professional. Therefore, the expense incurred for treatment by a psychologist in the instant case is to be considered medical expense.
It is the opinion of this Court that the $4,420.00 in psychological expenses incurred as a result of treatment of the parties' minor child under the direction of an accredited medical facility are "medical expenses" and as such should be paid by Mr. Martin in accordance with the original divorce decree. Therefore, this Court reverses and renders as to the $4,420.00 due and owing for services rendered to Robert Leroy Martin, Jr.
Further the appellant requested attorney's fees should the lower court be reversed. It is, therefore the decision of this Court that the lower court be reversed and the matter be remanded for determination of attorney's fees, if any.
REVERSED AND RENDERED AS TO JUDGMENT OF $4,420.00; REMANDED FOR NEW TRIAL ON THE ISSUE OF ATTORNEY'S FEES NOT INCONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.