SHERYL S. McDONALD, PLAINTIFF v. JAMES L. TAYLOR, DEFENDANT

No. 918DC431

(Filed 7 April 1992)

1. **Divorce and Separation § 385 (NCI4th)— child support— continuance denied—no abuse of discretion**

   The trial court did not abuse its discretion by denying a continuance in a child support action where plaintiff had not filed a financial affidavit. Although the applicable Eighth Judicial District's Local Rule of Court requires the parties to file financial statements, a continuance is wholly within the court's discretion. Plaintiff asked the trial court to invoke

McDONALD v. TAYLOR

[106 N.C. App. 18 (1992)]

its discretionary power to continue an action, had the burden to show sufficient grounds and must have acted in good faith and with due diligence. However, plaintiff did not allege any ground, did not show that substantial justice required a continuance, and did not act in good faith or with due diligence in that she failed to file the required financial affidavit and repeatedly failed to answer interrogatories.

**Am Jur 2d, Continuance §§ 4-6.**

2. **Divorce and Separation § 395 (NCI4th) — child support — medical expenses — psychological therapy included**

A consent order requiring each party to pay one half of a child's medical expenses included expenses for psychological services, even though psychologists cannot practice medicine. The practice of psychology is recognized by the legislature as falling within the healthcare domain and psychological therapy, designed to make a person whole in mind and restored to well being, should be included as a medical expense.

**Am Jur 2d, Divorce and Separation § 1044.**

3. **Appeal and Error § 418 (NCI4th) — interpretation of child support order — no authority cited — abandoned**

An argument concerning the interpretation of a child support order was deemed abandoned under N.C.R. App. P. 28(b)(5) where the Court of Appeals could not find any error in the trial court's interpretation and plaintiff did not cite any authority to lead to a contrary finding.

**Am Jur 2d, Appeal and Error § 700.**

4. **Divorce and Alimony § 402 (NCI4th) — child support — parents' actual income — findings insufficient**

The trial court erred by imputing income to plaintiff in a child support action where there was no written documentation of the parties' income, neither filed an affidavit of financial standing, there was no evidence before the court as to plaintiff's income, there was evidence that plaintiff is presently unemployed, and there was no evidence that plaintiff was deliberately suppressing her income. The Child Support Guidelines do not alter the trial court's duty to make specific

McDONALD v. TAYLOR

[106 N.C. App. 18 (1992)]

findings of fact as to the parties' income, estates, present reasonable expenses, and ability to pay.

**Am Jur 2d, Divorce and Separation §§ 1041, 1042, 1072.**

APPEAL by plaintiff from an order entered by *Judge Kenneth R. Ellis* in WAYNE County District Court on 7 March 1991. Heard in the Court of Appeals on 10 March 1992.

*E. B. Borden Parker for plaintiff-appellant.*

*Farris A. Duncan for defendant-appellee.*

LEWIS, Judge.

Plaintiff and defendant were divorced on 28 February 1984 and have both since remarried. Plaintiff presently resides in Italy with her husband who is a member of the United States Air Force. Child support for the two children born of the marriage, Matthew Aaron Taylor and Jonathan Mark Taylor, was modified by order entered 3 August 1988. It provides:

All medical expenses incurred in behalf of either child . . . shall be shared equally and the party with custody of the child for whom the expense is incurred *shall pay the first $35.00 not covered by insurance* or similar benefit of a party or a spouse of a party. Said expenses are to be paid as follows:

The party paying a bill not covered by insurance will supply a copy of the bill to the other party by the 20th day of the month following the month services are rendered. . . .

On 3 August 1990, defendant, the custodial parent, filed a motion to secure child support and for reimbursement of medical, psychological and dental expenses incurred on behalf of their minor son, Mark Taylor. Though she had ample time to make arrangements to be present, plaintiff did not appear at trial but was represented by her attorney. From defendant's testimony, the court determined that defendant had incurred $2,400.00 in medical and dental expenses after insurance payments and the $35.00 deduction. The court ordered plaintiff to reimburse defendant $1,200.00.

Next, the trial court determined child support. Neither parent submitted financial statements. Defendant testified that he earned a gross income of $3,500.00 per month. In a motion in the cause, plaintiff's attorney informed the court that plaintiff was unable

McDONALD v. TAYLOR

[106 N.C. App. 18 (1992)]

to find employment at her husband's present post. The trial court found the following facts in regard to plaintiff's present income:

> [P]laintiff was last employed and is apparently still employed at the child care center on the Air Force base. She holds a BA degree in education (K-6). The Court does not have specific information as to her income due to her failure to respond on a continuing basis to interrogatories filed by the defendant; however, the Court, by using the minimum pay scale of $4.35 per hour at 40 hours per week, finds her gross income to be not less than $702.00 per month.

Utilizing these figures, the court calculated that defendant earned 83.2 percent of the total gross income of the parties while plaintiff earned 16.8 percent. According to the North Carolina Child Support Guidelines, the child's needs were at least $586.00 per month. The court ordered plaintiff to pay defendant $98.44 per month child support for the benefit of Mark Taylor. Plaintiff appeals the order of child support and of medical expense reimbursement.

[1] Plaintiff argues that the trial court erred in not continuing this case based upon the Eighth Judicial District's Local Rule of Court pertaining to the filing of financial affidavits. This rule provides:

> In cases involving *child support* . . . affidavits of financial standing shall be filed by both parties or their counsel.
>
> * * * * * * *
>
> *The required affidavits shall be filed with the Clerk not less than 10 days prior to the call of the said case for hearing.* Failure of either party to file the affidavit and copy(s) may, in the discretion of the presiding judge, stay the hearing of the cause, and may subject the negligent party to such censures as are provided in Rule 37 of the Rules of Civil Procedure, to a dismissal for failure to comply with these rules, or to the striking of appropriate pleadings or entry of default, as may be appropriate and lawful.

Local Rule on Financial Affidavits, Eighth Judicial District, 5 (July 1, 1983) (emphasis original). The North Carolina Supreme Court mandates the creation of a "Case Management Plan" for each district. General Rules of Practice for the District and Superior Court, Rule 2 (1991). Local rules are created to fairly and efficiently implement this "Case Management Plan."

McDONALD v. TAYLOR

[106 N.C. App. 18 (1992)]

Plaintiff claims that the trial court erred when it declined to continue the action below for defendant's failure to file an affidavit of financial standing. Though the local rule's usage of the word "shall file" requires the parties to file the financial statements, we do not agree with plaintiff's contention that the action should have been continued. Under the local rules, penalties for failure to file such affidavits are clearly discretionary. A continuance is one of the authorized penalties, but its imposition is wholly within the court's discretion.

"Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it." *Shankle v. Shankle*, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976). These grounds include a showing of good cause and just terms. N.C.G.S § 1A-1, Rule 40(b) of the North Carolina Rules of Civil Procedure. Good faith and due diligence are also required of the movant. *Shankle*, 289 N.C. at 483, 223 S.E.2d at 386 (citation omitted). "The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice." *Id*. Continuances are "not reviewable absent a manifest abuse of discretion." *State v. Weimer*, 300 N.C. 642, 647, 268 S.E.2d 216, 219 (1980).

In the case at bar, plaintiff asked the trial court to invoke its discretionary power to continue an action. Plaintiff, therefore, had the burden to show sufficient grounds and must have acted in good faith and with due diligence. Here, plaintiff did not allege any grounds, nor did she show that substantial justice required a continuance. Further, plaintiff did not act in good faith or with due diligence. She failed to file the required financial affidavit and repeatedly failed to answer interrogatories. Though defendant failed to file an affidavit of financial standing, he appeared in court, he testified as to his financial status, and was available for cross examination by plaintiff's attorney. Under the circumstances, we find no prejudice. The trial court did not abuse its discretion when it denied the continuance.

[2] Next, plaintiff argues that psychiatric and psychological expenses are not medical expenses to be divided by plaintiff and defendant pursuant to the child support order. Plaintiff cites *Elmore v. Elmore*, 4 N.C. App. 192, 166 S.E.2d 506 (1969) for the proposition that medical expenses include only: services, treatment, and medication prescribed by a licensed physician. In *Elmore*, a prior consent

McDONALD v. TAYLOR

[106 N.C. App. 18 (1992)]

judgment required the defendant to "pay all medical and hospital bills of plaintiff and the children." *Id.* at 193, 166 S.E.2d at 507. The trial court construed defendant-Elmore's liability to be "limited to payment of bills incurred for services, treatment or medication *actually prescribed or ordered* by a licensed physician." *Id.* at 194, 166 S.E.2d at 507 (emphasis added). However, the questions upon appeal dealt with civil procedure matters and the trial court's power to modify a consent judgment. Plaintiff's reliance on *Elmore* is misplaced.

As plaintiff argues that medical expenses are limited to those services prescribed by a licensed physician, she does not dispute the psychiatric bills. The real question surrounds the psychological expenses. Plaintiff claims that psychological services cannot generate medical expenses because under North Carolina law, psychologists cannot practice medicine. The statute provides:

Nothing in this Article shall be construed as permitting licensed practicing psychologists or psychological associates to engage in any manner in all or any of the parts of the *practice of medicine* or optometry licensed under Articles 1 and 6 of Chapter 90 of the General Statutes. . . .

N.C.G.S. § 90-270.3 (1990) (emphasis added).

We agree that psychologists may not infiltrate the province of medicine reserved to physicians in the statutes. However, the practice of psychology is recognized by the legislature as falling within the healthcare domain. The practice of psychology is regulated under Chapter 90 which is titled: Medicine and Allied Occupations. The statutory boundaries of a psychologist's practice are the following:

(e) "Professional psychological services" means the application of psychological principles and procedures for the purposes of understanding, predicting, or influencing the behavior of individuals in order to assist in *their attainment of maximum personal growth; optimal work, family, school and interpersonal relationships; and healthy personal adjustment.*

(g) "Psychotherapy" within the meaning of this Article means the use of learning or other psychological behavioral modification methods in a professional relationship to assist a person or persons to modify feelings, attitudes, and behavior which

are *intellectually, socially or emotionally maladjustive or ineffectual.*

N.C.G.S. § 90-270.2 (1990) (emphasis added). Psychotherapy's aim is to "resolve mental and behavioral dysfunction by operating on the mind. This distinguishes psychotherapy from organic therapies which are biologically directed toward the brain. . . ." 3B Attorney's Textbook of Medicine § 104.00 (3rd ed. 1991).

The last child support order in the case at bar required each party to pay one half of Mark's medical expenses. Even though the original child support order was done by the incorporation of a separation agreement, the request for modification will be determined by statute. "Payments ordered for the support of a minor child shall be in such amount as to meet the *reasonable* needs of the child for *health*, education, and maintenance. . . ." N.C.G.S. § 50-13.4(c) (cum. sup. 1991) (emphasis added). Health is defined as "whole in body, mind or soul, well being. Freedom from pain or sickness." Black's Law Dictionary 648 (5th ed. 1979). Psychological therapy, which is designed to make a person, child or adult, whole in mind and restored to well being, should be included as a medical expense.

Plaintiff asks this Court to limit medical expenses to those services prescribed by a "physician." This interpretation is in conflict with the legislative intent of Chapter 90 which recognizes psychological services. This legislative recognition of pyschiatric and psychological practices acknowledges treatment other than organic therapies, such as medication. Unable to find statutory or case law on point, we find that the term "medical expenses" in the consent order includes expenses for psychological services.

We note that had plaintiff wished to so limit the definition of medical expenses, she could have done so as the child support order in issue was a consent judgment. If we adopt plaintiff's construction, medical expenses would not include visits to or therapies initiated by: physician's assistants, nurse practitioners, physical or occupational therapists, respiratory therapists, and other licensed healthcare practitioners. We do not believe that there is a need for a physician's full employment act such as this. These allied health practitioners are statutorily recognized and regulated and as such their services should be included by the term "medical expenses."

**[3]** Plaintiff argues that if the psychological visits constituted a medical expense, then defendant should be required to pay $35.00 of each bill received rather than $35.00 on the aggregate of all the bills as ordered by the court. We do not find any error in the trial court's interpretation of the support order. As plaintiff does not cite any authority to lead us to a contrary finding, this appeal is deemed abandoned. N.C.R. App. P. 28(b)(5) (1992).

**[4]** Last, plaintiff alleges that it was error for the trial court to impute income to the plaintiff in order to set the amount of support. We agree. Child support modification, as requested here, is permitted upon a showing of changed circumstances. The amount is set pursuant to the North Carolina Child Support Guidelines. The Guidelines indicate that child support is to be "determined based on (a) the combined income of the parents. . . ." N.C. Child Support Guidelines, Commentary (August 1, 1991). "[I]ncome is defined as actual gross income of the parent, if employed to full capacity, or potential income if [voluntarily] unemployed or under employed." N.C. Child Support Guidelines § A (August 1, 1991). Factors to be considered when calculating potential income are: "obligor's recent work history, occupational qualifications and prevailing job opportunities and earning levels in the community." N.C. Child Support Guidelines § A(3) (August 1, 1991). Where there is no recent work history, higher education, or vocational training, the Guidelines suggest that "income be imputed at least at the minimum hourly wage for a 40-hour week." *Id.* "Income statements of the parents should be verified with documentation of both current and past income." N.C. Child Support Guidelines § 4 (August 1, 1991).

"We enter a new period in North Carolina child support law . . ." with the enactment of child support guidelines. *Greer v. Greer*, 101 N.C. App. 351, 352, 399 S.E.2d 399, 400 (1991). The Guidelines do not alter the trial court's duty to make specific findings of fact as to the parties' income, estates, present reasonable expenses, and ability to pay. *Id.* at 354, 399 S.E.2d at 401. These findings are necessary so that the "appellate court [may] determine whether the trial court gave 'due regard' to the factors listed." *Id.* at 355, 399 S.E.2d at 402 (citation omitted). The ability to pay is determined by the party's actual income "at the time the award is made or modified." *Id.*

When the trial court makes a finding that a party deliberately depressed his or her income, then the party's capacity to earn or his potential income may be used to determine the child support obligation. *Id.* The trial court abuses its discretion when it calculates a support award based upon an unsubstantiated expense. *Witherow v. Witherow,* 99 N.C. App. 61, 392 S.E.2d 627 (1990), *aff'd,* 328 N.C. 324, 401 S.E.2d 362 (1991) (this Court held that the determination of a party's ability to pay cannot take into consideration potential or future expenses). The determination of the ability to pay must be supported by the evidence presented. *Atwell v. Atwell,* 74 N.C. App. 231, 328 S.E.2d 47 (1985) (where the only evidence of the wife's income was her affidavit which stated her income to be $650.00 per month, this Court held that the trial court's determination that the wife's income was $800.00 per month was not supported by the evidence and was reversible error).

In the case at bar, there is no written documentation of the parties' income. Neither filed an affidavit of financial standing. There was no evidence before the court as to the plaintiff's income. To the contrary, there was evidence that plaintiff is presently unemployed. Because the determination of plaintiff's ability to pay was not substantiated by the evidence, the trial court committed reversible error. *Atwell,* 74 N.C. App. 231, 328 S.E.2d 47 (1985). There was no evidence that plaintiff was deliberately suppressing her income. Therefore, the court could not impute income to plaintiff.

Affirmed in part, reversed in part.

Judges ARNOLD and WYNN concur.