The trial court divorced the parties on October 27, 1983; they had been married 10 years. By agreement, the court awarded the mother custody of the minor child, and ordered the father to pay child support, educational and medical expenses for the child, and alimony to the mother, as follows:
 "2. That [the father] pay all medical, dental and private school expenses for the minor child . . . and those costs of a four-year college education which exceed those funds set aside by the [father] and [the paternal grandmother], to date for that purpose.
 "3. That [the father] pay, in addition to the sums mentioned in Item No. 2, $500.00 per month as child support . . . until the trust set up for her in [the paternal grandmother's] will becomes effective, provided that said trust produce at least $500.00 a month in income for the benefit of [the child].
". . . .
 "7. That the [father] pay [the mother] alimony of $3,000.00 per month so long as she shall remain unremarried, with the first installment due November, 1983."
In May 1994, the mother petitioned for a modification, requesting the court to order the father to continue to pay all medical and *Page 615 
dental expenses of the child, who was about to reach the age of majority, until she graduated from college. In addition, the mother petitioned for a rule nisi, asking the court to find the father in contempt for his failure to pay medical expenses involving psychological services that had been rendered to the minor child. The father counterclaimed, seeking a termination or, in the alternative, a reduction in his alimony obligation.
After a hearing, the trial court on August 8, 1995, denied the father's modification petition and ordered: (1) that both parties share equally the medical bill for psychological services; (2) that the father continue to provide health insurance for the child so long as she "is a full time student maintaining a 'C' average or above but in no event beyond her 22nd birthday or four years of continuance of college, whichever occurs first"; (3) that as to bills not covered by insurance, the mother pay the first $200 of deductible expenses each year and the father pay all extraordinary dental and medical bills; and (4) that if counseling services are needed for the child, the father pay 80% and the mother pay 20% of all expenses not covered by insurance. The father appeals.
First, the father contends that the court erred in refusing to reduce his monthly alimony payments from $3,000 to $1,000 because of the mother's recent inheritance.
Alabama courts have consistently held that a modification of periodic alimony is within the trial court's discretion and will not be overturned on appeal unless there is a clear abuse of discretion. Paajanen v. Paajanen, 600 So.2d 293, 294
(Ala.Civ.App. 1992). In addition, the moving party has the burden of proving a material change in circumstances. Taylor v. Taylor,640 So.2d 971, 973 (Ala.Civ.App. 1994).
This issue was recently decided by our supreme court inEx parte Smith, 673 So.2d 420 (Ala. 1995):
 "It is well established in Alabama that the modification of an alimony provision based upon changed circumstances is a matter that rests within the circuit court's sound discretion. Furthermore, the ore tenus standard is applied to the ruling of the circuit court; thus, a presumption of correctness attaches to the ruling and the ruling will not be reversed unless it is not supported by the evidence and is clearly an abuse of the court's discretion. In Ex parte Jackson, 567 So.2d 867 (Ala. 1990), this Court specifically set out the standard of review applicable in a case involving alimony in which the circuit court hears oral testimony on conflicting evidence. We held:
 " 'Issues involving alimony and the payment of marital debts are within the sound discretion of the trial judge in a divorce action. The judge's ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion.' 567 So.2d at 868."
Id., at 421-22.
The mother testified that she had inherited from her mother's estate $159,401 and a one-fourth interest in two lots valued at $150,000 and $7,000, respectively. She stated that she had used some of the inheritance money to pay off some debts, to make repairs to her home, to pay some college expenses, and to invest approximately $10,000 in a business venture, and that she had remaining between $80,000 and $83,000. The mother is a partner in a gift shop business, where she works three to four days per week; however, the business is currently unable to provide a salary. She continues to provide primary care for the child, who resides with her while attending college. The mother further testified that her monthly expenses have increased from $4,560 in 1983 to $5,179 in 1994.
The father testified that although his income fluctuates, his net worth has increased since the time of the divorce from $2 million to $4 million. His gross income in 1994 was $140,000.
We affirm the trial court's determination that there has not been a material change in circumstances to warrant a modification in alimony. Neither the mother's inheritance nor her business venture has provided additional income sufficient to warrant a determination that alimony should be reduced or is no longer needed. *Page 616 
Next, the father argues that the court erred in requiring him to pay health insurance, medical and dental expenses, and counseling fees for his child after she had reached the age of majority. The general rule regarding child support from a noncustodial parent is that the child is entitled to support only until the age of majority. Whitten v. Whitten,592 So.2d 183, 185 (Ala. 1991). However, our supreme court has recognized two exceptions to this general rule: payment of post-minority support for a physically and/or mentally disabled child, see Exparte Brewington, 445 So.2d 294 (Ala. 1983); and payment for educational support where application is made before the child reaches age 19. See Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). Neither of these exceptions is applicable in this case.
This court has held that absent Brewington factors, a trial court has no authority to require that a noncustodial parent provide health insurance beyond the age of majority. Barnes v.State ex rel. Barnes, 653 So.2d 310 (Ala.Civ.App. 1994). The trial court's attempt to place both academic and age restrictions on the father's obligation to provide health insurance does not bring the payment of post-minority health insurance within the exception for continued educational support. Therefore, that portion of the judgment ordering the father to provide health insurance must be reversed.
Last, the father argues that the trial court erred in requiring him to pay one-half of the psychologist's bill, where the divorce judgment directed that he pay medical expenses. The record indicates that the child received these services with the father's knowledge and that he had attended at least one session on her behalf. Further testimony indicated that at least a portion of these expenses was covered by the insurance provided for the minor. Based on these particular facts, we conclude that the court did not abuse its discretion in ordering the father to pay one-half of Dr. Brider's bill for services rendered while the child was still a minor. However, we must reverse that portion of the judgment requiring the father to pay for counseling services beyond the age of majority, and we remand the case for the court to enter an order consistent with this opinion.
Although no Alabama law appears on point, some jurisdictions have recognized that an obligation to pay medical expenses also includes psychological services. See McDonald v. Taylor,106 N.C. App. 18, 415 S.E.2d 81 (1992), Bucy v. Bucy,23 Conn. App. 98, 579 A.2d 117 (1990), Martin v. Martin, 538 So.2d 765
(Miss. 1989), and Kahn v. Kahn, 23 Ariz. App. 269, 532 P.2d 541
(1975). We note that for the cost of these services to be a valid extraordinary medical expense, there must be a determination that the services are necessary for the health of the child and a determination that the fees are reasonable. SeeIn re Marriage of Ahrens, 847 P.2d 257, 258 (Colo.App. 1993) ("Extraordinary medical expenses are defined as 'uninsured expenses' . . . including 'such reasonable costs as are reasonably necessary' for any uninsured chronic health problem and other treatments. In addition, '[a]t the discretion of the court, professional counseling or psychiatric therapy for diagnosed mental disorders may also be considered as extraordinary medical expense.' Section 14-10-115(12)(b), C.R.S. (1987 Repl.Vol. 6B)."), and In re Marriage of Stone,749 P.2d 467, 468 (Colo.App. 1987) (citing § 14-10-115(12), C.R.S. (1987 Repl.Vol. 6B), which allows counseling expenses only for diagnosed mental disorders).
The mother's request for an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MONROE, J., concurs.
ROBERTSON, P.J., concurs in the result.
THIGPEN and CRAWLEY, JJ., dissent.