1999 SD 116

**Sharla R. DAVIS, Plaintiff and Appellant,**

v.

**Gary W. DAVIS, Defendant and Appellee,**

No. 20767.

Supreme Court of South Dakota.

Considered on Briefs June 1, 1999.

Decided Aug. 25, 1999.

Steven R. Binger, Sioux Falls, South Dakota, Attorney for plaintiff and appellant.

Richard A. Johnson of Strange, Farrell and Johnson, Sioux Falls, South Dakota, Attorneys for defendant and appellee.

PER CURIAM.

[¶ 1.] Sharla Davis appeals from an order dismissing her motion for collection of various expenses related to the parties' children. We reverse and remand for proceedings consistent with this opinion.

FACTS

[¶ 2.] Gary and Sharla Davis were married in 1973 and divorced in 1987. The parties' stipulation and agreement which was incorporated into the judgment and decree of divorce was drafted by Sharla's attorney. Gary was unrepresented by legal counsel in the divorce proceedings. The stipulation and agreement included the following provision regarding payment of the children's medical expenses:

> Until the youngest child graduates from high school or turns 18, whichever shall occur last, [Gary] agrees to continue medical insurance comparable to that he now has covering the children through his current employment and [Gary] will also pay all medical, dental, optical and orthodontic expenses not covered because of any deductible or excluded by the insurance coverage.

[¶ 3.] In March 1998, Sharla filed a motion with the court seeking reimbursement from Gary for various household expenses, including pharmaceutical, counseling, and dental expenses incurred by the then-minor children in 1991 through 1995. This motion was supported by affidavit and accompanied by receipts and billing statements. Both parties filed subsequent affidavits.

[¶ 4.] On April 13, 1998, the parties appeared at a hearing at which time the disputed expenses relevant to this appeal were identified:

| | |
|---|---|
| $ 18.18 | Shopko pharmacy bill |
| 555.00 | Dr. Horner (dental bill) |
| 615.60 | Psychology Associates (counseling—Kevin) |
| 977.65 | Keystone (counseling—Kevin) |
| 1469.00 | Charter Hospital (counseling—Eric) |
| 463.40 | SD School of Medicine (counseling—Eric) |
| $4098.83 | Total |

Wife also sought attorney fees incurred in bringing the motion to collect expenses.

[¶ 5.] At the outset of this hearing, the trial court informed the parties that 15 minutes was the amount of time that had been scheduled for the hearing and there was not time for any testimony. Both parties presented their arguments to the court. Two months later, the trial court issued its memorandum decision denying Sharla's claim. The court's stated rationale was that since the parties had joint custody of the children, all but routine expenses must be agreed upon in advance. Before an order was filed, Sharla filed a motion for reconsideration claiming the basis for the trial court's decision had never been argued at the hearing.

[¶ 6.] A hearing on the motion for reconsideration was held July 6, 1998. Again, the parties, through their attorneys, argued the motion and no testimony was taken. Sharla argued that Gary had been consulted regarding the above expenses and specifically asked the court for payment of the dental bill, responsibility for which she claimed Gary's attorney conceded at the April hearing. The trial court issued a memorandum decision and order two months later denying the motion for reconsideration. This order incorporated the court's previous two memorandum decisions as constituting the court's findings of fact and conclusions of law.

[¶ 7.] Sharla appeals the order denying payment of these expenses and of her attorney's fees.

## ANALYSIS AND DECISION

[¶ 8.] The trial court interpreted the parties' stipulation and agreement, incorporated into the judgment and decree of divorce, to preclude any agreement by Gary to pay for counseling expenses for the children. However, this decision eludes review as the trial court's abbreviated hearing denied Sharla the opportunity to properly present her claim and deprived this Court of a record from which there may be meaningful review. *See Dixon v. Dixon,* 423 N.W.2d 507, 509–10 (S.D. 1988) (trial court's familiarity with the parties and the case and its determination that it did "not need any additional testimony" expressed a luxury this Court did not have and failed to respond to this Court's need to make a meaningful appellate review).

[¶ 9.] The record does show Gary was aware of his children's counseling and even attended one session with Eric. The record also shows he was willing to have the bill for Kevin's treatment at Psychology Associates submitted to his insurance company for payment. There was no testimony presented to show why the children received counseling or whether these expenses were reasonable or necessary for the children's mental health. The parties should have been provided time beyond the 15 minutes allotted them for the hearing to further develop this record. For this reason, we reverse and remand for proceedings to determine whether the counseling costs incurred by Kevin and Eric are medical expenses to be paid by Gary under the parties' agreement.

[¶ 10.] This Court has not heretofore addressed the question of whether counsel-

ing costs are medical expenses under a divorce decree.* However, we recognize that other courts have held it proper to award costs for counseling expenses under similarly worded provisions in divorce decrees. *See Greever v. Greever,* 1996 WL 706785, at *3 (Neb.Ct.App.); *Luce v. Luce,* 681 So.2d 613, 616 (Ala.Civ.App.1996); *McDonald v. Taylor,* 106 N.C.App. 18, 415 S.E.2d 81, 84 (N.C.Ct.App.1992); *Bucy v. Bucy,* 23 Conn.App. 98, 579 A.2d 117, 120 (1990). These and other relevant cases should be considered by the trial court after the parties have been provided the opportunity to fully develop their factual record. To hold otherwise on this record would amount to putting the proverbial cart before the horse.

[¶ 11.] Further, we hold the trial court erred in denying reimbursement for the pharmacy and dental bills submitted at the hearing. These items are clearly contemplated by the parties' stipulation and agreement. The parties' agreement constitutes a contract between them and the court must give effect to their intent. *Malcolm v. Malcolm,* 365 N.W.2d 863, 865 (S.D.1985).

[¶ 12.] Sharla's argument that the trial court abused its discretion in denying her attorney fees is based on her assertion that the court's decision regarding her claim for collection of counseling expenses is erroneous. As we are reversing and remanding for further proceedings, we make no decision on this issue. Sharla submitted a motion for appellate attorney fees, properly supported by an itemized statement. *Id.* at 866. We award $1332.58 in appellate attorney fees.

[¶ 13.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.

* Note that in 1997, our state legislature amended SDCL 25-7-6.16 to include counseling as an expense to be apportioned between parents. This statute does not govern the Davis' 1987 stipulation and agreement.