I dissent from the holding that the trial court erred by ordering the father to pay the child's health insurance, 75% of the child's uninsured medical expenses, and the child's automobile insurance, as part of the postminority support. I have consistently maintained that expenses incidental to a college education are properly included as Bayliss postminority support. See Payne v. Williams, 678 So.2d 1118 (Ala.Civ.App. 1996), and Luce v. Luce,681 So.2d 613 (Ala.Civ.App. 1996) (Crawley, J., dissenting). The father does not argue that the payment of these incidental expenses is a financial "undue hardship;" therefore, I would affirm the trial court's judgment ordering the father to pay these expenses along with the tuition and educational expenses. See Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App. 1990) (interpreting Bayliss as requiring the payment of college expenses when "the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship.")