VICTOR O. McINTYRE AND LOUISE M. McINTYRE v. LORING McINTYRE AND KATHRYN McINTYRE

No. 142PA94

(Filed 8 September 1995)

**Divorce and Separation § 383 (NCI4th)— grandparents' visitation rights—child's family intact and no custody proceeding—no right to sue for visitation**

The legislature intended to grant grandparents a right to visitation with a minor grandchild only in those situations specified in N.C.G.S. §§ 50-13.2(b1), 50-13.5 and 50-13.2A, that is, only in the context of an ongoing custody proceeding or where the minor child is in the custody of a stepparent or a relative. Therefore, N.C.G.S. § 50-13.1(a) does not grant grandparents the right to sue for visitation rights with a minor child when the child's family is intact and no custody proceeding is ongoing.

**Am Jur 2d, Divorce and Separation § 1002.**

**Grandparents' visitation rights. 90 ALR3d 222.**

On discretionary review pursuant to N.C.G.S. § 7A-31, prior to a determination by the Court of Appeals, of an order entered 19 October 1993 by Cash, J., in District Court, Buncombe County. Heard in the Supreme Court 8 May 1995.

*David P. Parker for plaintiff-appellants.*

*Brock, Drye & Aceto, P.A., by Michael W. Drye; and Craig L. Parshall, of counsel, for defendant-appellees.*

WHICHARD, Justice.

On 4 December 1992 plaintiffs Victor and Louise McIntyre filed a complaint against defendants Loring and Kathryn McIntyre seeking visitation rights with defendants' two minor children, Meghan and Rachel McIntyre, who at that time were ages seven and four respectively. Defendant Loring McIntyre is plaintiffs' son. Plaintiffs, as grandparents of Meghan and Rachel McIntyre, alleged that it was in the "best interest of the minor children that the Plaintiffs be granted visitation pursuant to N.C.G.S. [§§] 50-13.1(a) and 50-13.2(b)(1)." Defendants' family was intact when plaintiffs filed their complaint and at all relevant times; no custody proceeding was ongoing.

On 3 February 1993 defendants moved to dismiss the complaint based on Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, alleging that the trial court lacked subject matter jurisdiction to interfere with defendants' right to determine with whom their children would associate. Defendants contended in their motion that either N.C.G.S. § 50-13.1(a) is unconstitutional or that plaintiffs, as grandparents, were not "the intended beneficiaries of the recent legislative amendment" to that statute. On 19 October 1993 Judge Gary Cash entered an order dismissing plaintiffs' complaint based on the conclusion that N.C.G.S. § 50-13.1(a) is unconstitutional in that it deprives defendants of their right to determine with whom their children will associate.

On 4 November 1993 plaintiffs gave notice of appeal to the Court of Appeals. On 31 March 1994 defendants petitioned this Court for discretionary review prior to a determination by the Court of Appeals. On 16 June 1994 this Court allowed defendants' petition.

Defendants argue that N.C.G.S. § 50-13.1(a), if applied here, is unconstitutional. Prior to reaching the constitutional issue, however, we must determine whether N.C.G.S. § 50-13.1(a) applies in this situation, that is, whether it allows grandparents to sue for visitation rights with a minor child when the child's family is intact and no custody proceeding is ongoing. If it does not, the trial court lacked subject matter jurisdiction over plaintiffs' suit.

N.C.G.S. § 50-13.1 was enacted in 1967 and amended in 1989 to add the last sentence. It provides in pertinent part:

### § 50-13.1. Action or proceeding for custody of minor child.

(a) Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as hereinafter provided. *Unless a contrary intent is clear, the word "custody" shall be deemed to include custody or visitation or both.*

N.C.G.S. § 50-13.1(a) (Supp. 1994) (emphasis added). Plaintiffs argue that the amendment which added the last sentence grants them the right to sue for visitation with their grandchildren even when no custody proceeding is ongoing. According to plaintiffs, in accord with the amendment, the first sentence of the statute should be read as follows: "Any . . . relative . . . claiming the right to [visitation with] a minor child may institute an action or proceeding for [visitation with]

such child, as hereinafter provided." We disagree with plaintiffs' interpretation and conclude that this statute does not apply to the fact situation presented.

This Court has stated:

> "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; and this is true *a fortiori* when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage."

*Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (quoting 82 C.J.S. *Statutes* § 369, at 839-43 (1953)). By enacting N.C.G.S. § 50-13.1 in 1967, "the Legislature clearly sought to eliminate conflicting and inconsistent custody statutes and to replace them with a comprehensive act governing all custody disputes." *Oxendine v. Dept. of Social Services*, 303 N.C. 699, 706, 281 S.E.2d 370, 374 (1981). This statute "was intended as a broad statute, covering a myriad of situations in which custody disputes are involved." *Id.* at 707, 281 S.E.2d at 375. We therefore must view it as a general statute.

As we reaffirmed in *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994), the common law rule is that parents have a "paramount right . . . to custody, care and nurture of their children," *id.* at 402, 445 S.E.2d at 903, and that that right includes the right to determine with whom their children shall associate, *id.* at 403, 445 S.E.2d at 904-05. *See Moore v. Moore*, 89 N.C. App. 351, 353, 365 S.E.2d 662, 663 (1988) (holding that N.C.G.S. § 50-13.2(b1) authorizes the court to provide for visitation rights of grandparents when custody of minor children is at issue in ongoing proceeding but does not allow court to enter a visitation order when custody is not at issue; parents who have lawful custody of the minor children have the prerogative to determine with whom their children shall associate); *Acker v. Barnes*, 33 N.C. App. 750, 752, 236 S.E.2d 715, 716 (holding that paternal grandmother and aunt did not have right to seek visitation with minor children who

were in lawful custody of natural mother and adoptive father because parents in lawful custody of their minor children have the prerogative to determine with whom their children shall associate), *disc. rev. denied*, 293 N.C. 360, 238 S.E.2d 149 (1977). N.C.G.S. § 50-13.1(a), however, gives a trial court jurisdiction to determine custody: (1) in those situations where a parent's paramount right to custody may be overcome—for example, when the parent is unfit, has abandoned or neglected the child, or has died, *see Oxendine*, 303 N.C. at 706, 281 S.E.2d at 374 (holding that N.C.G.S. § 50-13.1 is not "restricted to custody disputes involved in separation or divorce"); and (2) when, by reason of separation or divorce, custody is at issue between the parents.

In contrast to the generality of N.C.G.S. § 50-13.1(a), several other statutes in chapter 50 address one aspect of a determination of legal custody, that of physical custody, here in the form of visitation rights of grandparents. See *Clark v. Clark*, 294 N.C. 554, 575-76, 243 S.E.2d 129, 142 (1978) ("Visitation privileges are but a lesser degree of custody."); *Charett v. Charett*, 42 N.C. App. 189, 193, 256 S.E.2d 238, 241 ("Custody and visitation are two facets of the same issue."), *disc. rev. denied*, 298 N.C. 294, 259 S.E.2d 299 (1979).

The legislature has enacted N.C.G.S. § 50-13.2(b1), which provides:

**§ 50-13.2. Who entitled to custody; terms of custody; visitation rights of grandparents; taking child out of State.**

. . . .

(b1) An order for custody of a minor child may provide visitation rights for any grandparent of the child as the court, in its discretion, deems appropriate. As used in this subsection, "grandparent" includes a biological grandparent of a child adopted by a stepparent or a relative of the child where a substantial relationship exists between the grandparent and the child. Under no circumstances shall a biological grandparent of a child adopted by adoptive parents, neither of whom is related to the child and where parental rights of both biological parents have been terminated, be entitled to visitation rights.

N.C.G.S. § 50-13.2(b1) (1987). This statute allows a trial court to grant visitation rights to grandparents in a custody order.

The legislature also has provided that grandparents may make a motion in the cause for custody or visitation after the custody of a minor child has been determined. After an initial custody determination, the trial court retains jurisdiction of the issue of custody until the death of one of the parties or the emancipation of the youngest child. *Shoaf v. Shoaf*, 282 N.C. 287, 290, 192 S.E.2d 299, 302 (1972). N.C.G.S. § 50-13.5(j) provides:

### § 50-13.5. Procedure in actions for custody or support of minor children.

. . . .

(j) Custody and Visitation Rights of Grandparents.—In any action in which the custody of a minor child has been determined, upon a motion in the cause and a showing of changed circumstances pursuant to G.S. 50-13.7, the grandparents of the child are entitled to such custody or visitation rights as the court, in its discretion, deems appropriate. As used in this subsection, "grandparent" includes a biological grandparent of a child adopted by a stepparent or a relative of the child where a substantial relationship exists between the grandparent and the child. Under no circumstances shall a biological grandparent of a child adopted by adoptive parents, neither of whom is related to the child and where parental rights of both biological parents have been terminated, be entitled to visitation rights.

N.C.G.S. § 50-13.5(j) (Supp. 1994).

Further, the legislature has enacted N.C.G.S. § 50-13.2A, which allows grandparents of a minor child who has been adopted by a stepparent or a relative of the child to institute an action for visitation. That statute provides:

### § 50-13.2A. Action for visitation of an adopted grandchild.

A biological grandparent may institute an action or proceeding for visitation rights with a child adopted by a stepparent or a relative of the child where a substantial relationship exists between the grandparent and the child. Under no circumstances shall a biological grandparent of a child adopted by adoptive parents, neither of whom is related to the child and where parental rights of both biological parents have been terminated, be entitled to visitation rights. A court may award visitation rights if it determines that visitation is in the best interest of the child. An

order awarding visitation rights shall contain findings of fact which support the determination by the judge of the best interest of the child. Procedure, venue, and jurisdiction shall be as in an action for custody.

N.C.G.S. § 50-13.2A (1987).

These statutes address "a part of the same subject [as N.C.G.S. § 50-13.1(a)] in a more minute and definite way." *Food Stores*, 268 N.C. at 628, 151 S.E.2d at 586. We therefore must read these special statutes in conjunction with N.C.G.S. § 50-13.1(a) so as to harmonize them and give effect to a consistent legislative policy. Under them, a grandparent's right to visitation arises either in the context of an ongoing custody proceeding or where the minor child is in the custody of a stepparent or a relative.

These special provisions therefore control our interpretation of N.C.G.S. § 50-13.1(a). The legislature's creation of special statutes to provide for grandparents' visitation rights suggests that it did not intend N.C.G.S. § 50-13.1(a) as a broad grant to grandparents of the right to visitation when the natural parents have legal custody of their children and are living with them as an intact family. *Accord Oxendine*, 303 N.C. at 707, 281 S.E.2d at 375 (holding that N.C.G.S. § 50-13.1(a) does not grant foster parents the right to challenge statutory grant of custody to the Department of Social Services because N.C.G.S. § 50-13.1 covers a "myriad of situations in which custody disputes are involved," and a narrow statute, N.C.G.S. § 48-9.1(1), was intended as an exception to the general grant of standing to contest custody in N.C.G.S. § 50-13.1). Rather, it appears that the legislature intended to grant grandparents a right to visitation only in those situations specified in these three statutes. Had it intended otherwise, it logically would have repealed these special statutes when it amended N.C.G.S. § 50-13.1(a), the general statute. *See Petersen*, 337 N.C. at 405-06, 445 S.E.2d at 906 (agreeing with trial court's reasoning in *Ray v. Ray*, 103 N.C. App. 790, 407 S.E. 2d 592 (1991), that interpreting N.C.G.S. § 50-13.1(a) as a broad grant to strangers of the right to bring custody or visitation actions "would nullify any need for G.S. [§§] 50-13.2(b1) and 50-13.2A, neither of which [has] been repealed").

The language of the 1989 amendment to N.C.G.S. § 50-13.1(a) does not change our interpretation of this statute. The amendment probably was added to provide that in certain contexts "custody" and "visitation" are synonymous; however, here it is clear that in the context of grandparents' rights to visitation, the two words do not mean the same thing. Reading N.C.G.S. § 50-13.1(a) in conjunction with

N.C.G.S. §§ 50-13.2(b1), -13.5(j), and -13.2A strongly suggests that the legislature did not intend "custody" and "visitation" to be interpreted as synonymous in the context of grandparents' rights. The three special statutes provide grandparents with the right to seek "visitation" only in certain clearly specified situations. Those situations do not include that of initiating suit against parents whose family is intact and where no custody proceeding is ongoing. A legislative intent contrary to that for which plaintiffs argue therefore seems clear.

For these reasons, we hold that N.C.G.S. § 50-13.1(a) does not grant plaintiffs the right to sue for visitation when no custody proceeding is ongoing and the minor children's family is intact.

Plaintiffs assign error to the trial court's sustaining of defendants' objection to the introduction of the depositions of defendants prior to its ruling on the motion to dismiss. In light of our holding that the statute does not grant plaintiffs the right to sue defendants for visitation, we need not address this issue.

For the reasons stated, the order of the trial court is affirmed.

AFFIRMED.