BARBARA V. SHAUT, Plaintiff v. AMY CANNON, Defendant

No. COA99-856

(Filed 7 March 2000)

**Child Support, Custody, and Visitation— visitation—grandparent—denied**

In a case involving a grandmother's attempt to gain visitation rights of her deceased son's two minor children, the trial court did not err in granting defendant's motion to dismiss since a grandparent does not have standing under N.C.G.S. § 50-13.1(a), N.C.G.S. § 50-13.2(b1), N.C.G.S. § 50-13.2A, .or N.C.G.S. § 50-13.5(j) when the evidence reveals the parent has been living with her children as an "intact family."

Appeal by plaintiff from order entered 31 March 1999 by Judge Charles T.L. Anderson in Orange County District Court. Heard in the Court of Appeals 28 February 2000.

*W. Gregory Duke for plaintiff-appellant.*

*Chesire & Parker, by D. Michael Parker, for defendant-appellee.*

WALKER, Judge.

Plaintiff Barbara V. Shaut filed this action on 10 December 1998 seeking visitation of defendant Amy Cannon's minor children—Alison Cannon, born on 2 November 1987, and William Christopher Cannon, born 18 July 1989. In her complaint, plaintiff alleged that her son, Christopher Ivan Cannon, is the father of the two minor children and that he died on 16 March 1990. Plaintiff further alleged that she had enjoyed a loving relationship with her grandchildren until 24 December 1993. Since then plaintiff has been allowed only very limited contact and visitation with the minor children. Plaintiff asserted that it was in the best interests of the two minor children that she be awarded visitation. Defendant answered and moved to dismiss for failure to state a claim upon which relief can be granted. The trial court granted defendant's motion and dismissed plaintiff's complaint. Plaintiff appeals.

Plaintiff contends the trial court erred in granting defendant's motion to dismiss, and that the complaint adequately states a claim upon which relief can be granted. A motion to dismiss for failure to

state a claim tests the legal sufficiency of the complaint. N.C.R. Civ. P. 12(b)(6); *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). A dismissal of a complaint for failure to state a claim upon which relief can be granted is proper when the complaint on its face reveals that no law supports plaintiff's claim or that facts sufficient to make good claim are absent or when some fact disclosed in that complaint necessarily defeats plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 347 S.E.2d 743 (1986). In passing on this motion, all allegations of the complaint are deemed true and the motion should not be allowed unless the complaint affirmatively shows that the plaintiff has no cause of action. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E.2d 894 (1978).

There are four statutes in North Carolina which permit a grandparent to maintain an action for custody or visitation of a minor child. Plaintiff does not specify under which statute she proceeds; however, it is clear that she has no right to proceed under any of these statutes. Accordingly, we affirm the order dismissing her complaint.

N.C. Gen. Stat. § 50-13.2(b1) permits grandparents to intervene in an ongoing custody dispute and request visitation with their grandchild. *Hill v. Newman*, 131 N.C. App. 793, 509 S.E.2d 226 (1998). N.C. Gen. Stat. § 50-13.5(j) permits a grandparent to petition for custody or visitation due to changed circumstances in those actions where custody has previously been determined. *Id.* at 797, 509 S.E.2d at 229, *citing McIntyre v. McIntyre*, 341 N.C. 629, 633, 461 S.E.2d 745, 748-49 (1995). A third statute, N.C. Gen. Stat. § 50-13.2A, permits a biological grandparent to institute an action for visitation rights where the minor child has been adopted by a step-parent or relative of the child, and a substantial relationship exists between the grandparent and the child. Because the situations contemplated by these statutes are not present here, they are inapplicable to establish plaintiff's standing to maintain this action.

Finally, N.C. Gen. Stat. § 50-13.1(a) permits "[a]ny parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child [to] institute an action or proceeding for the custody of such child, as hereinafter provided." In *McIntyre*, our Supreme Court held that grandparents do not have standing, pursuant to N.C. Gen. Stat. § 50-13.1(a) (1995), to seek visitation with their grandchildren when the "natural parents have legal custody of their children and are living with them as an intact family." *McIntyre*, 341 N.C. at 634, 461 S.E.2d at 749. In *Fisher v. Gaydon*, 124 N.C. App. 442,

445, 477 S.E.2d 251, 253 (1996), *disc. review denied*, 345 N.C. 640, 483 S.E.2d 706 (1997), this Court denied standing to grandparents to maintain an action for visitation where the grandchildren lived with their single mother, holding "that a single parent living with his or her child is an 'intact family' within the meaning of *McIntyre*."

In her complaint, plaintiff alleged that defendant was living with her two children at the same address from 1 December 1993 until the time the complaint was filed. Thus, defendant had been living with her children as an "intact family" within the meaning of *Fisher*. Plaintiff, therefore, did not have standing to pursue her visitation action under N.C. Gen. Stat. § 50-13.1(a). Furthermore, plaintiff did not allege in her complaint that the current living situation of the minor children was not an "intact family." Accordingly, the trial court properly dismissed plaintiff's complaint.

Affirmed.

Chief Judge EAGLES and Judge SMITH concur.