Justice ERVIN
concurring in the result.
Although I agree with my colleagues’ decision that the State Bar lacks the authority to seek the imposition of attorney discipline against defendant in this case, I am unable to agree with the Court’s apparent determination that the State Bar has no authority to sanction a sitting judge for any reason during the time that the judge remains in office. I would be the first to concede that the constitutional and statutory provisions that we are called upon to construe in this case are in tension, if not in actual conflict.[1] However, when the relevant constitutional and statutory provisions are carefully examined in light of the differing purposes served by the disciplinary systems administered by the Judicial Standards Commission[2] and the State Bar, I believe that there is a way to preserve the core jurisdiction of each agency without any undue friction between or interference with the essential function of each disciplinary *282 system. After construing the relevant constitutional and statutory provisions in the manner that I believe to be appropriate, I agree "with the Court that the State Bar lacks the authority to proceed against defendant on the basis of the theory outlined in its complaint, albeit for different reasons than those advanced in the Court’s opinion.
According to Article IV, Section 22 of the North Carolina Constitution, “[o]nly persons duly authorized to practice law in the courts of this State shall be eligible for election or. appointment as a Justice of the Supreme Court, Judge of the Court of Appeals, Judge of the Superior Court, or Judge of [the] District Court.” N.C. Const, art. IV, § 22. “Except as otherwise permitted by law, it shall be unlawful for any person or association of persons, except active members of the Bar of the State of North Carolina,” to practice law in this state. N.C.G.S. § 84-4 (2015). In order to regulate the practice of law in North Carolina, the General Assembly has “created as an agency of the State of North Carolina, for the purposes and with the powers hereinafter set forth, the North Carolina State Bar,” id. § 84-15 (2015), with the State Bar Council having “the authority to regulate the professional conduct of licensed lawyers and State Bar certified paralegals,” id. § 84-23(a) (2015). The active membership of the State Bar “shall be all persons who have obtained a license or certificate, entitling them to practice law in the State of North Carolina, who have paid the membership dues specified, and who have satisfied all other obligations of membership.” Id. § 84-16 (2015). “Any attorney admitted to practice law in this State is subject to the disciplinary jurisdiction of the Council under such rules and procedures as the Council shall adopt,” id. § 84-28(a) (2015), with attorneys being subject to discipline in the event that they are “[c]onvict[ed] of, or... [have] tender[ed] and accepted] ... a plea of guilty or no contest to, a criminal offense showing professional unfitness,” id. § 84-28(b)(l) (2015); found to have committed a “violation of the Rules of Professional Conduct adopted and promulgated by the Council in effect at the time of the act,” id. § 84-28(b)(2) (2015); or made a “[lcjnowing misrepresentation of any facts or circumstances surrounding any complaint, allegation or charge of misconduct; fail[ed] to answer any formal inquiry or complaint issued by or in the name of the North Carolina State Bar in any disciplinary matter; or [engaged in] contempt of the Council or any committee of the North Carolina State Bar,” id. § 84-28(b)(3) (2015). According to Rule 8.4 of the Revised Rules of Professional Conduct, which have been adopted pursuant to the State Bar’s rulemaking authority, id. § 84-21 (2015), “[i]t is professional misconduct for a lawyer to:”
*283 (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;
(e) state or imply an ability to influence improperly a government agency or official;
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or
(g) intentionally prejudice or damage his or her client during the course of the professional relationship, except as may be required by Rifle 3.3.
N.C. St. B. Rev. R. Prof’l Conduct 8.4, 2016 Ann. R. N.C. 1137, 1260. “When a judge of the district court, judge of the superior court, judge of the Court of Appeals, justice, of the Supreme Court, or a district attorney is no longer authorized to practice law in the courts of this State, the Governor shall declare the office vacant,” with “no longer authorized to practice law” being defined as a situation in which “the person has been disbarred or suspended and all appeals under G.S. 84-28 have been exhausted.” N.C.G.S. § 7A-410 (2015).
Similarly, Article IV, Section 17(2) of the North Carolina Constitution provides that
[t]he General Assembly shall prescribe aprocedure, in addition to impeachment and address set forth in this section, for the removal of a Justice or Judge of the General Court of Justice for mental or physical incapacity interfering with the performance of his duties which is, or is likely to become, permanent, and for the censure and removal of a Justice or Judge of the General Court of Justice for wilful misconduct in office, wilful and persistent failure to perform his duties, habitual intemperance, conviction *284 of a crime involving moral turpitude, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
N.C. Const. art. IV, § 17(2).
Upon recommendation of the [Judicial Standards] Commission, the Supreme Court may issue a public reprimand, censure, suspend, or remove any judge for willful misconduct in office, willful and persistent failure to perform the judge’s duties, habitual intemperance, conviction of a crime involving moral turpitude, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
N.C.G.S. § 7A-376(b) (2015). Aviolation of the “Code of Judicial Conduct may be deemed conduct prejudicial to the administration of justice that brings the judicial office into disrepute, or willful misconduct in office, or otherwise as grounds for disciplinary proceedings.” Code Jud. Conduct pmbl., 2016 Ann. R. N.C. 863, 863.
The relevant constitutional and statutory provisions do not, when read literally, directly address the problem that we face in this case, which stems from the fact that both the Judicial Standards Commission and the State Bar have attempted to sanction defendant based upon the same conduct and a very similar, if not identical, legal theory. As I read the relevant constitutional and statutory provisions, there does not appear to be any obvious bar to the exercise of concurrent jurisdiction by both agencies given that the Judicial Standards Commission has clear responsibility for the discipline of judges and that the State Bar has clear responsibility for the discipline of attorneys, a group of which judicial officials are, of necessity, a subset. The relevant constitutional provisions provide that judges must be lawyers and that the General Assembly must establish a process for addressing judicial incapacity and misconduct without in any way explicitly stating that the rules governing the professional discipline of attorneys do not apply to judges or explicitly providing that the constitutionally required process for disciplining judges overrides the legal obligations otherwise imposed upon members of the State Bar. Similarly, the relevant statutory provisions, including the rules adopted in accordance with the State Bar’s rulemaking authority, simply identify the circumstances under which each agency has the authority to seek to discipline individuals subject to its jurisdiction without acknowledging any limitations on either body’s authority arising from the existence of the other. As a result, the language of the relevant constitutional *285 and statutory provisions provides little direct guidance as to how the issue that confronts us in this case should be resolved and certainly does not suggest that authority granted to either body is exclusive.
Upon stepping back, examining the issue that we have before us on a more global level, and giving thought to the relevant rules of constitutional and statutory construction in context, the proper resolution of this case becomes clearer. Although I may be belaboring the obvious, the fact that Article IV, Section 22 requires members of the judiciary to be authorized to practice law in North Carolina necessarily suggests that the State Bar has, and retains, jurisdiction over members of the judiciary even after they assume judicial office.[3] Allowing judges to remain licensed attorneys for any length of time after they have committed serious acts of professional misconduct undermines public confidence in both the judiciary and the legal profession. The strength of this inference is further reinforced by the fact that the General Assembly provided in N.C.G.S. § 7A-410 for the removal from office of judicial officials who have been disbarred without in any way limiting the grounds upon which the judge in question was subject to disbarment. As a result, these constitutional and statutory provisions suggest that the State Bar did not, in fact, lose all authority to discipline lawyers following their elevation to the bench.
On the other hand, there can be little question that the Judicial Standards Commission has primary responsibility for addressing allegations of judicial misconduct. Any other conclusion would constitute a failure to recognize that the process of judicial discipline administered by the Judicial Standards Commission postdates the creation of the process of attorney discipline administered by the State Bar. As the Court notes, had the process for disciplining attorneys been deemed adequate to address issues arising from allegations of judicial misconduct, there would have been little reason for the adoption of Article IV, Section 17(2) of the North Carolina Constitution and the enactment of Article 30 *286 of Chapter 7A of the General Statutes. In addition, the justification for the creation of a system of judicial discipline separate and apart from impeachment by the General Assembly and the imposition of sanctions by the State Bar discussed in the Court’s opinion, and the other policy-based justifications advanced in the Chief Justice’s concurring opinion, including the necessity for preserving the independence of the judiciary, provide further support for the proposition that the disciplinary system administered by the Judicial Standards Commission, rather than the disciplinary system administered by the State Bar, should be the primary means for addressing issues of judicial misconduct.
A decision to construe the relevant constitutional and statutory provisions so as to treat the State Bar and the Judicial Standards Commission as having fully concurrent jurisdiction over every conceivable instance of judicial misconduct poses both legal and practical difficulties. As the facts contained in the present record reveal, there will undoubtedly be instances in which the State Bar and the Judicial Standards Commission have differing views as to the manner in which particular allegations of judicial misconduct should be addressed. The State Bar’s assertion that it has unlimited authority, regardless of the position taken by the Judicial Standards Commission, to address allegations of judicial misconduct could well put a sitting judge in the position of questioning whether he is entitled to rely on advice provided by the Judicial Standards Commission in resolving particular ethics-related issues, despite the fact that the relevant constitutional and statutory provisions give the Judicial Standards Commission primary responsibility for addressing allegations of judicial misconduct. Similarly, a decision by the State Bar to seek the imposition of professional discipline upon a judicial official who has already been sanctioned by the judicial disciplinary process raises possible collateral estoppel or res judicata issues, not to mention basic questions of fundamental fairness. As a result, given the risk of conflict stemming from the fact that the Judicial Standards Commission and the State Bar appear to have concurrent jurisdiction over sitting judges and the fact that requiring sitting judges to satisfy multiple regulatory agencies that could take differing views of the manner in which the same issue should be resolved poses obvious legal and practical problems, I believe that it would be appropriate to attempt to determine whether there is any way to read the relevant constitutional and statutory provisions so as to reconcile the State Bar’s concurrent jurisdiction over judicial officials in their capacity as lawyers with the Judicial Standards Commission’s primary responsibility for addressing issues relating to judicial misconduct.
*287 As an initial matter, I note that the purpose of the process for addressing allegations of judicial misconduct administered by the Judicial Standards Commission is to protect the public against improper judicial actions, while the purpose of the attorney discipline process administered by the State Bar is to protect the public against misconduct by practicing attorneys. For that reason, it is not surprising that the disciplinary authority exercised by each agency focuses on its core function. For example, as has already been noted, the State Bar has the authority to discipline members of the Bar for violating a Rule of Professional Conduct, engaging in criminal conduct or acts of dishonesty, engaging in conduct prejudicial to the administration of justice, claiming the ability to improperly influence a judicial official, assisting a judicial officer in unlawful conduct, or damaging his or her client. For the most part, members of the judiciary are unlikely to violate a Rule of Professional Conduct while acting in a judicial capacity or by claiming the ability to improperly influence a judicial official, assisting a judicial official in improper conduct, or damaging a client. However, a judicial official could, in some instances, be guilty of criminal conduct, acts of dishonesty, or conduct prejudicial to the administration of justice. Similarly, the disciplinary authority of the Judicial Standards Commission is available when the judicial official engages in willful misconduct in office, persistently fails to perform his or her duties, is habitually intemperate, is convicted of a crime involving moral turpitude, or engages in conduct prejudicial to the administration of justice that brings the judicial office into disrepute. As should be obvious, a judicial official could be guilty of any of these types of misconduct. Thus, given the primary responsibility for judicial discipline assigned to the process administered by the Judicial Standards Commission, the ultimate question before us in this case is the extent, if any, to which the State Bar is entitled to exercise concurrent jurisdiction over judicial officials who engage in the limited range of conduct that could make them liable to attorney discipline.
As a general proposition, I have no difficulty in concluding that the State Bar ought to be able to sanction a judicial official for violating any Rule of Professional Conduct that would have been applicable to the judge at the time that the alleged violation occurred, for committing a criminal act, or for engaging in dishonest or fraudulent conduct. In my opinion, the members of the public should not be subjected to the unfettered risk that individuals who have engaged in such conduct would be allowed to provide them with legal services regardless of their current eligibility to do so. On the other hand, given the risk of conflicting decisions and the other legal and practical problems that I have outlined *288 above, I have trouble understanding why a judicial official should be subject to discipline by both the Judicial Standards Commission and the State Bar for conduct prejudicial to the administration of justice, particularly when the conduct in question involved actions taken by the judge in the course of carrying out his or her perceived judicial responsibilities. Allowing such a result seems to me to be inconsistent with the principle of statutory construction that, when possible, statutes should be construed in such a manner as to avoid producing an absurd outcome. Frye Reg’l Med. Ctr., Inc. v. Hunt, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (stating that, “where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest propose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded” (quoting Mazda Motors of Am., Inc. v. Sw. Motors, Inc., 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979))). In addition, it would be consistent with the canon of statutory construction that, “[w]here there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized . . . ; but, to the extent of any necessary repugnancy between them, the special statute ... will prevail over the general statute.” Krauss v. Wayne Cty. Dep’t of Soc. Servs., 347 N.C. 371, 378, 493 S.E.2d 428, 433 (1997) (second and third alterations in original) (quoting McIntyre v. McIntyre, 341 N.C. 629, 631, 461 S.E.2d 745, 747 (1995)). As a result, in order to avoid inconsistent outcomes, the risk of conflicting advice, the potential for claim or issue preclusion questions to arise, undue confusion, and other difficulties, I believe that the Court should construe the relevant constitu-. tional and statutory provisions in such a way as to preclude the State Bar from proceeding against an attorney on the basis of alleged conduct prejudicial to the administration of justice arising from activities undertaken by a judicial official in the conduct of his or her judicial duties that do not involve a violation of the Rules of Professional Conduct, a criminal act, dishonest or fraudulent conduct, claiming the ability to improperly influence another public official, or assisting another judicial official in committing an act of judicial misconduct[4] and to hold that the *289 Judicial Standards Commission has exclusive responsibility for addressing such allegations.[6]
The Judicial Standards Commission disciplined defendant based upon determinations that his actions involved violations of Canon 1 (requiring a judge to “participate in establishing, maintaining, and enforcing” and to “personally observe [ ] appropriate standards of conduct to ensure that the integrity and independence of the judiciary [are] preserved”), Code Jud. Conduct Canon 1, 2016 Ann. R. N.C. 863, 863; Canon 2A (requiring a judge to “respect and comply with the law” and to “conduct himself/herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary”), id. Canon 2A, 2016 Ann. R. N.C. at 865; and Canon 3A(3) (requiring a judge to “be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in the judge’s official capacity” and obligating a judge to “require similar conduct of lawyers, and of the judge’s staff, court officials and others subject to the judge’s direction and control”), id. Canon 3A(3), 2016 Ann. R. N.C. at 869, of the Code of Judicial Conduct, with these violations having (1) “created a public perception of a conflict of interest which threatens the public’s faith and confidence in [his] integrity and impartiality,” (2) been “reasonably perceived as coercive and retaliatory,” and (3) constituted “conduct prejudicial to the administration of justice. ” Similarly, the State Bar alleged in the complaint that it filed in this case that defendant had “engaged in conduct that was prejudicial to the administration of justice in violation of Rule 8.4(d) [of the Rules of Professional Conduct],” as evidenced by a number of specific actions that he took in what he believed to be the performance of his judicial duties during his controversy with the Kill Devil Hills Police Department and the District Attorney’s Office. In other words, both the Judicial Standards Commission and the State Bar sought to sanction defendant based upon their authority to discipline covered individuals for conduct prejudicial to the administration of justice based upon conduct arising from defendant’s performance of his judicial duties. In view of my belief that the State Bar does not have the authority to seek the imposition of discipline based upon an *290 allegation that the attorney in question engaged in conduct prejudicial to the administration of justice stemming from acts committed while he or she was a member of the judiciary and those acts did not also violate specific obligations and responsibilities imposed upon attorneys, I do not believe that the State Bar has the authority to seek the imposition of attorney discipline upon defendant on the basis of the allegations set out in its complaint. As a result, because I believe that the State Bar’s complaint against defendant should be dismissed for this reason, I concur in the result reached by the Court without joining its opinion.
Justices HUDSON and BEASLEY join in this concurring opinion.

. The lack of obvious interaction between the various provisions- of the General Statutes applicable to attorney and judicial discipline suggests the appropriateness of action by the General Assembly for the purpose of clarifying the roles that it wishes for the agencies in question to play.

. As the majority explains, this Court is the ultimate disciplinary authority under the statutory scheme for judicial discipline set out in Article 30 of Chapter 7A of the General Statutes. Although I will refer to the disciplinary system administered by the Judicial Standards Commission throughout the remainder of this separate opinion, I do so only for purposes of convenience and do not wish to be understood by using that phraseology as overlooking or minimizing the fact that this Court has ultimate responsibility for the more serious disciplinary decisions made in the process administered by the Judicial Standards Commission.

. Admittedly, the language of Article IV, Section 22 directly addresses the need for individuals elected or appointed to judicial office to be licensed attorneys. However, this Court has’long held that “[c]onstitutional provisions should be construed in consonance with the objects and purposes in contemplation at the time of their adoption,” Perry v. Standi, 237 N.C. 442, 444, 75 S.E.2d 512, 514 (1953). In view of the fact that the clear purpose of Article IV, Section 22 was to ensure that members of the judiciary were licensed attorneys, it makes little sense to read that constitutional provision as allowing individuals who were licensed at the time of their election and appointment, but who have been disbarred or otherwise lost their licenses to practice law, to remain in judicial office. In fact, N.C.G.S. § 7A-410 might be subject to constitutional challenge in the event that Article IV, Section 22 was to be read in this manner.

. Admittedly, conduct that violates these specific rule provisions would be “prejudicial to the administration of justice.” However, because the relevant phrase is so broad that it could encompass judicial misconduct committed by a sitting judge arising only from his or her judicial duties, which is outside the purview of the State Bar’s jurisdiction, the State Bar may not proceed on that legal theory alone and must, instead, specify how the conduct of a sitting judge violated his or her obligations and responsibilities as an attorney.

. The validity of this approach is bolstered, at least in my opinion, by the fact that the State Bar’s jurisdiction to sanction individuals for conduct prejudicial to the administration of justice is rule-based, while the Judicial Standards Commission’s ability to do so stems from the language of the relevant constitutional and statutory provisions, which should not be negated if at all possible. Sessions v. Columbus County, 214 N.C. 634, 638, 200 S.E. 418, 420 (1939) (stating that “[reconciliation is a postulate of constitutional as well as of statutory construction” (citing Parvin v. Bd. of Comm’rs, 177 N.C. 508, 99 S.E. 432 (1919))).