IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-163

Filed 05 September 2023

Brunswick County, No. 21CVD2224

KYNA K. ROSE, MICHAEL ROSE, Plaintiffs,

v.

JENNIFER LYNN POWELL, Defendant.

Appeal by plaintiffs from judgment entered 15 August 2022 by Judge C. Ashley Gore in Brunswick County District Court. Heard in the Court of Appeals 9 August 2023.

> *James W. Lea, III of the LEA/SCHULTZ LAW FIRM, PC, for plaintiffs-appellants.*
>
> *Matthew Geiger, for defendant-appellee.*

FLOOD, Judge.

Kyna and Michael Rose (collectively, "Plaintiffs") appeal from the trial court's dismissal of their action seeking secondary custody of their granddaughter, Aubrey Rose Chandler ("Aubrey"). On appeal, Plaintiffs argue that Aubrey's mother, Jennifer Powell ("Defendant"), acted inconsistently with her constitutionally-protected status as a parent when she allowed Plaintiffs to form a close relationship with Aubrey, then suddenly ceased all communications between the parties. After careful review, we conclude the trial court did not err when it dismissed Plaintiffs' action and, accordingly, we affirm the trial court's order.

## I. <u>Factual and Procedural Background</u>

The case before us began with tragedy when, on 27 October 2018, Plaintiffs' son, Jacob Chandler Rose, ("Jacob"), died unexpectedly. At the time of Jacob's death, Defendant was pregnant with his child. A reprieve from grief came on 30 April 2019 when Defendant gave birth to a healthy baby—Aubrey. By all accounts, Plaintiffs delighted in becoming grandparents to Aubrey. Between Aubrey's birth in 2019 and May of 2021, Plaintiffs, Defendant, and Aubrey spent time together, had weekly dinners, went shopping, and took occasional trips to Myrtle Beach. Plaintiffs assisted Defendant with filing a social security claim related to Jacob's death, which would provide funds for Aubrey. Plaintiffs also provided financial assistance for Aubrey's baptism. In May of 2021, Defendant chose to end contact with Plaintiffs and visitation between Plaintiffs and Aubrey stopped.

On 29 November 2021, Plaintiffs initiated an action seeking secondary custody of Aubrey. On 2 February 2022, Defendant filed a motion to dismiss, an answer, and, in the alternative, counterclaims for temporary and permanent custody, and retroactive and prospective child support. The matter was heard in Brunswick County District Court and, on 15 August 2022, an order dismissing the case was entered. Plaintiffs timely appealed.

## II. <u>Jurisdiction</u>

An appeal lies of right directly to this court from final judgment of a district court. N.C. Gen. Stat. § 7A-27(b)(1) (2021).

### III. <u>Analysis</u>

The primary question this Court must answer is whether the trial court improperly granted Defendant's motion to dismiss. Under N.C. R. Civ. P. 12(b)(6), the trial court has the discretion to dismiss a claim that, on its face, fails to allege sufficient facts upon which relief can be granted. *See* N.C. R. Civ. P. 12(b)(6) (2021). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003).

Plaintiffs argue the trial court erred when it dismissed their claims because: (1) Defendant acted in a manner inconsistent with her constitutionally-protected status as a parent; (2) Defendant's family being considered "intact" does not preclude Plaintiffs from asserting visitation rights; and, (3) it is in Aubrey's best interest to continue visitation with Plaintiffs. We disagree.

### A. Constitutionally-Protected Status

First, Plaintiffs claim that Defendant acted in a manner inconsistent with her protected parental status when she "essentially adopted Plaintiffs and their family as an integral part of [Aubrey's] life."

"A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child . . . is based on a presumption that he or she will act in the best interest of the child." *Price v. Howard*,

346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997). A parent acts inconsistently with their constitutionally-protected status when they are unfit or if they neglect or abandon the child. *See id*. at 79, 484 S.E.2d at 534. Another way in which a parent's actions may be deemed inconsistent with their constitutionally-protected interest is if he or she "brings a nonparent into the family unit, represents that the nonparent is a parent, and voluntarily gives custody of the child to the nonparent without creating an expectation that the relationship would be terminated[.]" *Boseman v. Jarrell*, 364 N.C. 537, 550, 704 S.E.2d 494, 503 (2010).

Here, Plaintiffs allege the constitutional presumption that Defendant should have custody was overcome by "demonstrating in their [c]omplaint that Defendant[] acted inconsistently with her parental status when she brought them into the family unit and represented them as an integral part of the family unit without creating an expectation that the relationship would be terminated." Plaintiffs liken themselves to the plaintiff in *Boseman v. Jarrell*, a case in which domestic partners "intentionally and voluntarily created a family unit in which plaintiff was intended to act—and acted—as a parent." *Id.* at 552, 704 S.E.2d at 505. This argument misses the mark. Unlike the plaintiff in *Boseman*, here, Defendant never had a romantic relationship with either Plaintiff nor did Defendant conceive a child with either Plaintiff. The facts in the Record show that Plaintiffs provided some financial support to Defendant, introduced Defendant to their family in Ohio, had weekly phone calls with Defendant, and for a time would come over to Defendant's house to let her dog out. At no point

did Defendant represent that either Plaintiff would be considered a parent to Aubrey or that they would have guaranteed visitation with Aubrey. Further, no allegations assert Defendant was unfit or otherwise incapable of caring for Aubrey. For those reasons, we hold the trial court did not err when it dismissed Plaintiffs' claim that Defendant was acting in a manner inconsistent with her protected parental status. *See Price,* 346 N.C. at 79, 484 S.E.2d at 534; *see also* N.C. R. Civ. P. 12(b)(6).

## B. Grandparent Visitation Under N.C. Gen. Stat. § 50-13.1

Next, Plaintiffs argue they are entitled to bring a visitation claim under N.C. Gen. Stat. § 50-13.1. We disagree.

As potential avenues for asserting visitation rights, Plaintiffs cite to N.C. Gen. Stat. §§ 50-13.1, 13.2(b1), 13.5(j), and 13.2(a). The majority of these statutes, however, provide grandparents with potential visitation rights only if there is a claim pending between the parents of the minor child, when modifying a custody order, or if there has been a stepparent or relative adoption. *See* N.C. Gen. Stat. §§ 50-13.1, 13.2(b1), 13.5(j), and 13.2(a) (2021). N.C. Gen. Stat. § 50-13.1, on the other hand, allows "[a]ny parent, relative, or other person . . . claiming the right to custody of a minor child [to] institute an action or proceeding for the custody of such child[.]" N.C. Gen. Stat. § 50-13.1 (2021). Claims for grandparent custody or visitation made under N.C. Gen. Stat. § 50-13.1 are permissible only "in those situations where a parent's paramount right to custody may be overcome[—]for example, when the parent is unfit, has abandoned or neglected the child, or has died[.]" *McIntyre v. McIntyre*, 341

N.C. 629, 632, 461 S.E.2d 745, 748 (1995). Most importantly for this case, grandparents do not have the right to seek visitation "against parents whose family is intact and where no custody proceeding is ongoing." *Id.* at 635, 461 S.E.2d at 750.

Here, Plaintiffs do not claim that Defendant is unfit, nor do they claim she has abandoned or neglected Aubrey. Further, there is no ongoing custody proceeding with respect to Aubrey. Instead, Plaintiffs' claim hinges on the untimely death of their son, Jacob, and the "de facto" family created when Defendant allowed Plaintiffs to participate in Aubrey's life. Plaintiffs assert that this is a case of first impression because, unlike other cases in which this Court has held that a *surviving parent* remains entitled to a constitutional protection following the death of another parent, here it is the *grandparents* making such a claim.

While Plaintiffs' desire to be included in Aubrey's life is understandable, Defendant is not unfit, nor has she abandoned or neglected Aubrey. In fact, Defendant's family remains "intact." *See McIntyre*, 341 N.C. at 635, 461 S.E.2d at 750. Further, given our conclusion above regarding Defendant's constitutionally-protected right to determine with whom Aubrey associates, we hold that Plaintiffs do not have any authority to seek visitation or custody under N.C. Gen. Stat. § 50-13.1, in the absence of showing Defendant is unfit, or has abandoned or neglected Aubrey. The trial court did not err when it dismissed Plaintiffs' claim. *See McIntyre,* 341 N.C. at 635, 461 S.E.2d at 750.

### C. Best Interests

Finally, we turn to Plaintiffs' argument that the trial court erred in dismissing their claim because it was in Aubrey's best interests to allow them and her continued visitation. We disagree.

While the court applies the best interest of the child analysis in a custody action between parents, doing so when the custody dispute is between a parent and a non-parent offends the Due Process Clause if the "parent's conduct has not been inconsistent with his or her constitutionally protected status[.]" *Price v. Howard*, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997).

As we concluded above, Defendant's conduct has not been inconsistent with her constitutionally-protected status; therefore, this Court need not apply the best interest of the child analysis to the case *sub judice*. *See id*. at 79, 484 S.E.2d at 534.

## IV. <u>Conclusion</u>

For the reasons stated above, we hold the trial court did not err when it granted Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

AFFIRMED.

Judges TYSON and CARPENTER concur.