An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-413

Filed 20 May 2026

Wilson County, No. 22CVD000634-970

ERLIN BAUTISTA UMANZOR and ALCADIA PEREZ, Plaintiffs,

v.

AMBERLYNN CORNETT and ORLIN BAUTISTA, Defendants,

v.

ELIZABETH ANN ABRAMS and MICHAEL SCOTT ABRAMS, Third Party Intervenors.

Appeal by Plaintiffs from Order entered 19 September 2024 by Judge Wayne S. Boyette in Wilson County District Court. Heard in the Court of Appeals 18 November 2025.

*Jonathan S. Lambert-Melton for Plaintiffs-Appellants.*

*No appellate brief filed by Defendants.*

*No appellate brief filed by Third Party Intervenors-Appellees.*

HAMPSON, Judge.

**Factual and Procedural Background**

Plaintiffs, the paternal aunt and uncle and custodians of minor child Leon[1], appeal from the Consent Order Regarding Custody entered by the trial court awarding Intervenors secondary physical custody. The Record tends to show the following:

Leon was born on 26 October 2020. Defendants, Leon's parents, suffer from longstanding issues of substance and alcohol abuse, and they shared custody with Plaintiffs from Leon's birth. By October 2021 Leon primarily resided with Plaintiffs, and beginning in January 2022 he solely resided with them. In May 2022, Plaintiffs filed a Complaint for Custody. In June 2022 the trial court entered a Consent Order for Permanent Child Custody which awarded Plaintiffs sole legal and physical custody of Leon.

Intervenors, Leon's maternal grandparents, filed a Motion to Intervene in the custody action in December 2023. Intervenors, who have custody of Leon's half-brother, alleged in their Motion that they had had weekly contact with Leon since September 2021 and that he had stayed in their home most weekends from April 2022 through July 2023. They additionally alleged they did not have notice of the proceedings in the custody action or of the June 2022 Consent Order, and that Plaintiffs had reduced Intervenors' contact with Leon following the entry of that Order.

---

[1] We use a pseudonym to protect the identify of the minor child.

Plaintiffs opposed the Motion to Intervene as untimely. The trial court found Intervenors' delay in filing was excused by the circumstances, concluded they had standing to intervene, and allowed the Motion.

Plaintiffs and Intervenors agreed to a Consent Order Regarding Custody. The trial court entered the Order, which granted Plaintiffs primary physical custody subject to Intervenors' secondary custodial rights, including bimonthly weekend overnight visits and overnight summer and holiday visitation. Both parties would have access to Leon's medical records and agreed to share information regarding Leon's health and well-being.

Plaintiffs filed timely notice of appeal.

## Issue

The sole issue on appeal is whether the trial court erred by allowing the Motion to Intervene.

## Analysis

At outset, it is unclear that Plaintiffs may appeal this matter. "By joining in a consent order, a party waives his right to appeal from the judgment and leaves the case with no unresolved issue to appeal." *Price v. Dobson,* 141 N.C. App. 131, 134, 539 S.E.2d 334, 336 (2000). We acknowledge the error alleged by Plaintiffs was committed prior to the entry of the Consent Order, and an appeal from the trial court's Order for Intervention would have been interlocutory. However, Plaintiffs do not identify the legal basis for their right to appeal from an Order to which they consented, except to

recite that this appeal is from a final judgment of a district court in a civil action and is therefore appealable under N.C. Gen. Stat. § 7A-27(b)(2).

Assuming Plaintiffs may appeal in this case, their argument is without merit. As discussed below, grandparents have a statutory right to seek visitation when the trial court has awarded custody of a minor child to a stepparent or relative. N.C. Gen. Stat. § 50-13.5(j) (2025); *McIntyre v. McIntyre,* 341 N.C. 629, 634, 461 S.E.2d 745, 749 (1995). Under our Rules of Civil Procedure, a party may be permitted to intervene in an action when a statute confers a conditional right to intervene, and we review the trial court's ruling on permissive intervention for abuse of discretion. N.C. Gen. Stat. § 1A-1, Rule 24; *Virmani v. Presbyterian Health Servs. Corp.,* 350 N.C. 449, 460, 515 S.E.2d 675, 683 (1999).

The rights of grandparents to request visitation rights are governed by the intersection of four of our statutes. *Eakett v. Eakett,* 157 N.C. App. 550, 552, 579 S.E.2d 486, 488 (2003). The first of these generally allows those claiming custody rights, including visitation, to institute custody proceedings:

> Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as hereinafter provided. . . . Unless a contrary intent is clear, the word "custody" shall be deemed to include custody or visitation or both.

N.C. Gen. Stat. § 50-13.1. Section 50-13.1 "was intended as a broad statute, covering a myriad of situations in which custody disputes are involved[.]" *Oxendine v. Catawba*

*Cnty. Dept. of Social Servs,* 303 N.C. 699, 707, 281 S.E.2d 370, 375 (1981). As a general statute, it must be "read together and harmonized, if possible" with those statutes "dealing with a part of the same subject in a more minute and definite way." *Nat'l Food Stores v. Bd. of Alcoholic Control,* 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966).

The other three relevant statutes more specifically address grandparents' rights to seek custody or visitation: N.C. Gen. Stat. §§ 50-13.2(b1), 50-13.2A, and 50-13.5(j). Our Supreme Court has held "the legislature intended to grant grandparents a right to visitation only in those situations specified in these three statutes." *McIntyre,* 341 N.C. at 634, 461 S.E.2d at 749.

Section 50-13.2(b1) authorizes the court to provide for the visitation rights of grandparents when the custody of minor children is at issue in ongoing proceedings. *Moore v. Moore,* 89 N.C. App. 351, 353, 365 S.E.2d 662, 663 (1988). Section 50-13.2A allows the grandparents of a minor child who has been adopted by a stepparent or relative to institute an action for visitation. *McIntyre,* 341 N.C. at 633, 461 S.E.2d at 749. And, most relevant to this case, Section 50-13.5(j) allows grandparents to seek visitation after a custody order has been entered:

> In any action in which the custody of a minor child has been determined, upon a motion in the cause and a showing of changed circumstances pursuant to G.S. 50-13.7, the grandparents of the child are entitled to such custody or visitation rights as the court, in its discretion, deems appropriate.

In combination, these three statutes evince a consistent legislative policy, under which "a grandparent's right to visitation arises either in the context of an ongoing custody proceeding or where the minor child is in the custody of a stepparent or a relative." *McIntyre,* 341 N.C. at 634, 461 S.E.2d at 749. This policy has become known as the "intact family" rule and exists to protect parents' right to determine with whom their children associate. *Eakett,* 157 N.C. App. at 553-54, 579 S.E.2d at 488-89.

Plaintiffs argue the Motion to Intervene was not timely because there was no ongoing custody dispute when it was filed, as the Consent Order determining custody had been entered eighteen months prior. It is true that an ongoing custody dispute is one situation that may render a family not "intact," thereby allowing a grandparent to seek visitation under Section 50-13.2(b1). *See Fisher v. Gaydon,* 124 N.C. App. 442, 446, 477 S.E.2d 251, 253 (1996) ("It is only when the custody of a child is 'in issue' or 'being litigated' that the grandparents are entitled to relief pursuant to N.C. Gen. Stat. § 50-13.2(b1)."). However, Section 50-13.5(j) expressly allows grandparents to seek visitation following the entry of a custody order which does not grant custody to a parent and, in fact, *only* allows such a motion when custody "has been determined." As our Supreme Court has explained:

> The legislature also has provided that grandparents may make a motion in the cause for custody or visitation *after* the custody of a minor child has been determined. After an initial custody determination, the trial court retains jurisdiction of the issue of custody until the death of one of

the parties or the emancipation of the youngest child.

*McIntyre,* 341 N.C. at 633, 461 S.E.2d at 748 (emphasis added).

Despite the plain language of the statute, Plaintiffs argue Section 50-13.5(j) only allows grandparents to seek visitation while a custody determination is pending. However, the caselaw they identify makes clear this restriction—on grandparents' right to seek visitation when a child is in a parent's custody—is a result of the constitutional rights of parents. Accordingly, grandparents may seek visitation when a minor is in custody of a relative or stepparent, who do not enjoy the same constitutional protections.

Plaintiffs cite our decision in *Eakett,* in which the minor child's paternal grandfather moved to intervene after the mother was awarded custody. 157 N.C. App. at 551, 579 S.E.2d at 487. We held Section 50-13.5(j) did not allow the grandfather to intervene because the mother had custody of the child and the grandfather "was a third party to the parent-child relationship." *Id.* at 554, 579 S.E.2d at 489. The intact family rule prevented the grandfather from seeking visitation when a parent had custody, because of the parental right to control a child's association: "the grandparent's rights to the care, custody and control of the child are not constitutionally protected while the parent's rights are protected." *Id.* The grandfather could not be permitted to intervene under Section 50-13.5(j) because doing so would interfere with the mother's constitutionally protected parental rights. *Id.*

Similarly, Plaintiffs cite our decision in *Alexander v. Alexander*, 276 N.C. App. 148, 856 S.E.2d 136 (2021), for the rule that "grandparents may only intervene 'when the custody of a child is in issue or being litigated by the parents.' " Plaintiffs in their briefing omit the full statement of the rule as recited in that case:

> Following *McIntyre,* our Court has repeatedly held that grandparents only have statutory standing to sue for visitation (*where custodial parents are involved*) when "the custody of a child [is] 'in issue' or 'being litigated' " by the parents.

*Alexander,* 276 N.C. App. at 151, 856 S.E.2d at 139 (emphasis added). In this action, where custodial parents are not involved, Intervenors were permitted to seek visitation "upon a motion in the cause and a showing of changed circumstances pursuant to G.S. 50-13.7." N.C. Gen. Stat. § 50-13.5(j).

Plaintiffs also argue grandparents may not seek visitation where a custody determination has been made, even if custody has not been granted to a parent, because the rationale this Court applied in *Eakett* includes our concern that "any custody order entered by a trial court could be re-opened upon a grandparent's motion asserting that he or she was not authorized enough visitation with his or her grandchildren." 157 N.C. App. at 554, 579 S.E.2d at 489. This argument ignores that our decision in that case was expressly rooted in "the parental right to determine with whom her children shall associate." *Id.* Additionally, Plaintiffs' interpretation of the statutory scheme—that grandparents may only intervene while a custody determination is ongoing—would render meaningless Section 50-13.5(j), which

entitles grandparents to seek visitation only when "the custody of a minor child *has been determined.*" (emphasis added).

In this case, Plaintiffs are the paternal aunt and uncle and do not have constitutionally protected parental rights to determine with whom Leon associates. As no parent has custody of Leon, Section 50-13.5(j) allowed Intervenors to seek visitation. The trial court did not abuse its discretion in allowing the Motion to Intervene.

## **Conclusion**

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

Judges ARROWOOD and COLLINS concur.

Report per Rule 30(e).